No. 29.—ROBERT F. McGEHEE, plaintiff in error, *vs.* JAMES B. RAGAN, &c. defendant.

[1.] Letters of administration must be granted by the Court of Ordinary, at the next term of the Court immediately succeeding the publication of the thirty days' notice of the applicant and citation by the Clerk, unless the application is *regularly* continued by the action of the Court, from time to time, and then the parties in interest are bound to take notice of such continuance.

Motion, in Troup Superior Court. Decided by Judge HILL, May Term, 1850.

Abraham B. Ragan applied to the Clerk of the Court of Ordinary of Troup County, for letters of administration on the estate of John Omara, deceased. Citation and notice were duly issued and published. At the term for his qualification, the said Abraham B. Ragan was unable to give the security required by law, and did not make application to the Court. The application to the Clerk remained in this position for several terms of the Court. At the March Term of the Court, 1849, by an agreement with Abraham B. Ragan, Robert F. McGehee, the plaintiff in error, came forward, gave the required bond and security, and was qualified as the administrator of the said John Omara. Twelve months after this appointment, the defendant in error, in right of his wife, Sarah Ragan, formerly Sarah Omara, moved the Court of Ordinary to revoke the letters of the said Robert F. McGehee, on the ground that he was not the next of kin to the deceased, and that no notice or citation of his application had been published.

The Court of Ordinary granted the motion, and revoked the letters. An appeal was taken to the Superior Court, by the plaintiff in error, and the judgment of the Court of Ordinary was affirmed.

To which decision counsel for McGehee excepted.

W. DOUGHERTY, for plaintiff in error.

BULL and FERRELL, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question in this case is, whether letters of administration can be granted by the Court of Ordinary, to an applicant therefor, at any other term of the Court than the one to which *notice* has been given that the application will be made. From the record in this case, it appears that one Abraham B. Ragan, in July, 1848, applied to the Clerk of the Court of Ordinary, of Troup County, for letters of administration on the estate of John Omara, deceased. The Clerk issued the usual citation, and at the next term of the Court thereafter, Ragan being unable to give security, did not make application to the Court for letters of administration. The application, as made to the Clerk, remained and continued from term to term until the first Monday in March, 1849, when McGehee, by an agreement with Ragan, the former applicant, was appointed administrator, without any new citation or notice. The Act of 1799 declares, that "All applications for letters of administration shall· be made to the Clerk of the Court of Ordinary, who shall give notice thereof in one of the public gazettes of this State, and by advertisement at the court house door of the County, at *least thirty days before the sitting of said Court of Ordinary.*" *Prince,* 231. According to the *strict letter* of the Act, it would seem that letters of administration could only be granted at the sitting of the Court immediately succeeding the publication of the thirty days' notice; but we believe that it has been the practice, under that Statute, when the cause has been continued by the Court, to grant letters at a subsequent term of the Court. We do not see any great objection to this practice, inasmuch as all the parties in interest are presumed to be present at the Court to which they were cited by the notice of the applicant, and when the application is *regularly* continued *by the Court,* for cause shown, at its discretion, the parties in interest are bound to take notice of such continuance. But where the applicant, as in this case, *fails*

to make his application to the Court for letters, to which he has cited the parties in interest to appear, and the same remains without being *regularly* continued by the Court, from term to term, by *the action of the Court,* the parties in interest have a right to consider the application as abandoned, and the Court below did not err in deciding that the letters of McGehee, appointed without any notice of his intended application therefor, as required by the Statute, should be revoked.

Let the judgment of the Court below be affirmed.