SARAH JERNIGAN, executrix, plaintiff in error, *vs.* NEAL CARTER, defendant in error.

1. A plea that the plaintiff in a suit was dead at the time of the commencement of the action may be filed at any time before judgment, it being made to appear that the fact pleaded has just come to the knowledge of the defendant.
2. A plea in abatement and a plea of the general issue may be both filed at the same time, but the plea in abatement should be first disposed of.

Practice in the Superior Court. Pleading. Before Judge JAMES JOHNSON. Marion Superior Court. April Term, 1873.

Neal Carter brought complaint against Sarah L. Jernigan, as executrix of Ptolemy Jernigan, deceased, on a promissory note dated March 5th, 1861, for the sum of $794 93. Pou & Little, attorneys, were marked for the plaintiff, and M. H. Blandford, attorney, for the defendant. When said cause was called M. H. Blandford announced ready for plaintiff. B. B. Hinton, attorney for defendant, moved for a continuance, stating in his place as a reason, that he had only been retained a

few days before said court; that he was informed by the defendant that his services were required in conjunction with said M. H. Blandford ; that he had relied on said M. H. Blandford to prepare the defense in said case; that he did not know but what said Blandford was of counsel for defendant until said cause was called; that owing to these facts he was not prepared to proceed with the trial of said case. The court overruled the motion for a continuance, and defendant, by her counsel, then and there excepted.

Defendant then craved oyer of the note. M. H. Blandford stated that said note had been lost. Plaintiff opened his case, and introduced M. H. Blandford, who swore that the original note was placed in his hands by Messrs. Pou & Little; that he drew the declaration and filed the same as a matter of courtesy for said Pou & Little ; that the copy note attached to the declaration was a correct copy of the original.

Defendant objected to said proof, because the absence of said note had not been sufficiently accounted for. The court overruled said objection, and admitted testimony, to which ruling defendant excepted. Blandford further testified that as defendant had filed a plea denying that said plaintiff was in life at the commencement of said suit, he would state that Neal Carter was in life ; that he was the grand-son of Jesse Carter, to whom said note was made payable. Plaintiff closed his case.

Defendant's counsel was then asked by the court, how many pleas were filed? He replied, two; the general issue and a plea in abatement to the effect that the plaintiff was dead at the commencement of the suit. Plaintiff's counsel moved to dismiss said plea in abatement, which motion was sustained by the court. Defendant then moved to amend his pleas by withdrawing the plea of the general issue, and relying alone upon the plea in abatement. The court overruled the motion to amend, to which ruling defendant excepted. Defendant moved further to amend by filing the plea of *ne unques* executrix, her counsel stating that he did not know until then that she was not executrix. The court admitted the right to

amend, but refused a moment's time in which to draw the plea, to which refusal of time defendant excepted. The court instructed plaintiff to take a verdict, which was done, for the whole amount of principal and interest on said note.

Error is assigned upon each of the aforesaid grounds of exception.

B. B. HINTON & SON, for plaintiff in error.

M. H. BLANDFORD, for defendant.

McCAY, Judge.

1. If the facts set forth in the plea tendered as an amendment be true, a judgment in favor of either the plaintiff or defendant would be void, since it is absurd to say that anything can be determined in a suit where one of the parties was dead at the commencement of the suit. If this was not known to the defendant when the suit was brought, and she has brought it to the knowledge of the court as soon as she discovered it, she is in no *laches*, and she was entitled to her amendment.

2. We do not think it was necessary, under our law, to withdraw the plea of general issue before putting in this plea. Nor would this be true even if it were a simple plea to the jurisdiction of the court, or any other plea, even a dilatory one. If the facts presented showed a right to put in the plea at the second term, that was, in our judgment, sufficient. It was not necessary to withdraw the plea to the merits. Under our law strictly, *all* pleas must be filed at the first term—both pleas in bar and pleas in abatement, and if so, they must often be both on the record at once: Code, secs. 3452, 3461. And the statute specially provides that no part of an answer (plea) shall be stricken because it is in contradiction of some other: Code, section 2452. It will be noted also that even as to pleas to the jurisdiction, whilst it is provided that a plea to the merits waives it, yet it is also in the same section (3461) provided that this shall not be so if the plea to the

Jernigan *vs.* Carter.

jurisdiction be made at the same time.   Perhaps the logic of things may require that the record ought not to show a plea to the merits until it is settled that there is a proper case in court.   But that is the same logic which required pleas to be consistent with each other, and the whole structure of that logical system which common law lawyers laud so highly has long since been dispensed with in Georgia.   We see no objection, under our law, to filing a plea to the merits and a plea in abatement at the same first term.   The plea in abatement ought to be first disposed of; but to require one to withdraw his plea of general issue when, after the first term, facts occur to authorize a plea in abatement, is, as it seems to us, not only not required by the statute but is contrary to the entire tenor of our system of pleading.   We do not discuss the other question, to-wit: whether the judge was right in refusing to delay the progress of the cause whilst the plea was being written. Such things must necessarily be largely in the discretion of the court.   If the facts have at that moment become important, or been just discovered, we think the principles of justice would require a few moments delay, but if the necessity for the plea is from the neglect of the party, we should hesitate to interfere.   In this case it seems absurd to pretend that the defendant has just discovered she is executrix, and we would not interfere.   She has been a most unreasonable time in finding out what her office was.   We say the same in reference to the motion to continue.   If the defendant was without counsel it was her own fault, and the mistake was not to be used to delay the plaintiff.   We, however, reverse the judgment for what we think was error, refusing the plea denying that plaintiff was in life at the commencement of the suit.

Judgment reversed.