HAYDEN & HEALY *vs*. THE ATLANTA SAVINGS BANK, *et al*.

1. The officer serving process ,on a corporation should specify in his return the manner in which service was perfected. Where suit was brought against a corporation and a natural person, a return of service was not good against the former when made in these terms : "Served each of the defendants personally with a copy of the within summons."

2, In a justice court suit the constable may serve process on the sheriff of the county. The provision for service upon the sheriff

by the coroner, or the sheriff of an adjoining county, only applies to such processes as issue from a court in which the sheriff is the ministerial officer.

Service.   Corporations.   Sheriffs.   Officers.   Before W. R. BROWN, Esq , Judge *pro hac vice.*   Fulton Superior Court.   March Term, 1880.

CONLEY & SHUMATE, for plaintiffs in error.

W. H. VENABLE ; HENRY HILLYER, for defendants.

SPEER, Justice.

Hayden & Healy brought suit against the defendants in the justice court of the 1026th district G. M., to the July term, 1877, on an account for the sum of eighty-three dollars, alleged "to be for rent of store-room used in storing goods."   The following was the return of the officer entered on said summons :

"Served each of the defendants personally with a copy of the within summons, July 10, 1877.          J. B. LANGLEY, L. C."

On the day of trial the parties appealed said case, by consent, to the superior court.

At the spring term, 1880, of the superior court, the presiding judge being disqualified to try said cause, counsel for the parties selected W. R. Brown, Esq., to act as judge *pro hac vice.*   A jury was impaneled to try the same, when counsel for defendants moved "to dismiss said cause as to the Atlanta Savings Bank, of Georgia, because there was no sufficient return of service as to said corporation," and as to Perkerson, because he was not served either by the coroner, or the sheriff of an adjoining county, which motion was sustained by the court, and plaintiffs excepted."

1. Section 3369 of the Code provides : "Service of all bills, subpœnas, writs, etc., necessary to the commence-

ment of any suit against any corporation in any court of law or equity, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced." *The officer shall specify the mode of service in his return.* In this service against the Atlanta Savings Bank, the officer failed to specify the mode of service in his return, and as there was no motion to amend said return, we do not think the court erred in dismissing the suit as to the Atlanta Savings Bank.

2. But as to the other defendant—"that said suit was dismissed as to Perkerson, sheriff—because the same was not served by a coroner, or the sheriff of an adjoining county," we think there was error. We know of no law that forbids the service of a defendant sheriff, by a constable, in a suit pending in a justice court.

Section 588 of the Code authorizes the coroner to serve a process when the sheriff is disqualified—but this is intended to be confined to the service of such processes as issue from a court in which the sheriff is a ministerial officer, and not to justice courts.

As we think the court erred in dismissing the suit as to the defendant, Perkerson, the judgment is reversed, and as by the dismissal of the suit as to both defendants, plaintiffs had no opportunity of asking leave to perfect service on the Atlanta Savings Bank of Georgia, the case is ordered to be reinstated, with leave to plaintiffs, if desired, to perfect service in said suit as to said Atlanta Savings Bank of Georgia, by the usual manner of proceeding in such cases.

Let the judgment of the court below be reversed.