TELFORD vs. COGGINS.

76   683
108  209

76   683
120  325

76   683
127  389

1. Although a summons in a justice's court was directed to the defendant instead of to any lawful constable of the county, and although the names of the parties did not appear in its face, but were elsewhere on the paper, and also on the cause of action attached to the summons, these defects were amendable and were perhaps cured by judgment. At most they were irregularities.

2. Although the entry of service by the constable on the back of the summons was neither formal nor full, it was intelligible, or could be rendered so by reference to the other parts of the proceeding, and it was amendable.

(a.) There is nothing in the position that service of the summons should appear on the justice's docket.

3. Sustaining a *certiorari* for the first time, on the ground that the verdict is contrary to evidence, is in the nature of the first grant of a new trial on that ground; and where the evidence was conflicting, this court will not interfere with the discretion of the court below in making such grant.

April 6, 1886.

Justice Courts. Pleadings. Service. *Certiorari.* Before Judge HUTCHINS. Banks Superior Court. September Term, 1885.

A *fi. fa.* issuing from a justice's court in favor of J. N. Coggins against J. C. King, was levied on certain personal property, and J. L. Telford interposed a claim. An appeal to a jury was taken.

The plaintiff offered the *fi. fa.* in evidence. It was objected to on the ground that it did not follow the judgment, and that no service appeared from the entries on the justice's docket. The first objection was overruled, but the justice required proof of service. The plaintiff then offered in evidence the original summons with the constable's entry of service thereon. This was objected to on the ground that it did not show service on the defendant, and was, in fact, no summons. The summons stated the county, state and militia district, and was directed " to the defendant." He was not named, but attached to the summons was the note sued on. The entry

of service does not appear in the record. In the abstract. of counsel for the plaintiff in error, used in argument, the entry of service is stated to be as follows: "Left at his place of abode, Dec. 6, 1880," signed by the constable.

It is unnecessary to detail the evidence. The jury foun 1 the property not subject. The plaintiff carried the case to the superior court by *certiorari;* the presiding judge sustained the same, and the claimant excepted.

W. L. TELFORD, by brief, for plaintiff in error.

A. C. MOSS, by brief. for defendant.

HALL, Justice.

This *certiorari* was properly disposed of.

1. The summons which called the defendant to court conformed substantially to the requirements of the Code, §4139. It is true that it was directed to the defendant, instead of to any lawful constable of the county, and that the names of the parties did not appear on its face, although they were elsewhere on the paper, as also on the cause of action attached to the summons. These defects were amendable, and were perhaps cured by the judgment; they were, at most, mere irregularities. Code, §206, sub-sec. 6, 3490.

2. The entry of service by the constable on the back of the summons is neither formal nor full, it being simply that it was left at his place of abode; the omissions suggested, however, are not very material. The entry is certainly intelligible, or may be rendered so by reference to other parts of the proceeding, and its purpose seems unmistakable. But be this as it may, it is amendable. There is nothing in the position taken by plaintiff in error that service of the summons should appear on the justice's docket.

3. The *certiorari* was sustained because, among other grounds, the verdict of the jury appeared to the court to

be contrary to evidence. It was the first grant of a new trial, where, to say the least, the evidence was somewhat conflicting. We cannot say that the judge's discretion was not properly exercised, and under a multitude of decisions of this court, we do not feel authorized to interfere with his judgment.

Judgment affirmed.