## MARSH, JR., *vs.* PHILLIPS, JR., & COMPANY.

1. Ordinarily an attachment which has been levied by service of summons of garnishment can be executed by another levy or by another service of garnishment. Where a summons of garnishment issued under an attachment has been served, and upon the merits of the answer of the garnishee he is discharged, such discharge is a judgment on the issue of indebtedness of the garnishee to the defendant in attachment, and cannot be opened, except as other judgments may be opened, for some legal reason; but if the garnishee be discharged on a mere technical point, he may be served again.

(a.) Whether the discharge of the garnishee in this case was a judgment after issue and trial on the truth of the garnishee's answer, or rested on a technical objection, is not clear, but can be better determined on a fuller answer to the *certiorari* by the justice of the peace before whom the trial was had.

2. Where the entry of service of the garnishment stated that service had been made on E. W. M., and E. W. M., Jr., was, in fact, the garnishee, the entry could be amended so as to conform to the fact.

3. If a good traverse and answer formed an issue, it does not appear how the garnishee was in default; but this can be better determined under the facts on a fuller answer of the justice.

October 19, 1886.

Attachment. Garnishment. Service. Amendment. Judgments. *Res Adjudicata.* Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

E. W. Marsh, Jr., petitioned for a *certiorari*, alleging, in brief, as follows: A *fi. fa.* in favor of Wm. R. Phillips, Jr., & Co. against one Seldner as principal, and petitioner as garnishee, was levied on an iron safe, and petitioner filed an affidavit of illegality on the following grounds:

(1.) Because the *fi. fa.* is based on a proceeding in attachment served by process of garnishment, and the return shows that the service was not on petitioner, but on his father, E. W. Marsh.

(2.) Because the judgment upon which the *fi. fa.* issued was predicated upon an alleged default upon the part of the petitioner, when in fact there was no such default.

(3.) Because the petitioner is not indebted to Seldner, and has no effects of his in hand, and there is no process or service making it the legal duty of petitioner to pay the *fi. fa.*

(4.) Because the case arose by attachment against Seldner, and the service was by serving summons of garnishment on petitioner, which was done on August 24, 1883. He answered not indebted, and on September 26, 1883, a judgment was entered, discharging him as garnishee, and the bond and affidavit were therefore *functus officio.* The *fi. fa.* in this case was issued upon a judgment predicated upon an alleged second summons of garnishment issued under the same affidavit and bond.

The case made by this affidavit of illegality was appealed to a jury in the justice's court. The evidence then showed that the attachment was sued out on August 24, 1883; that the bailiff made an entry of service of summons of

garnishment on E. W. Marsh, Jr., on October 13, 1883, and entered a second service on E. W. Marsh on October 25, 1883. The entries on the justice's docket were that the garnishee answered not indebted, and on September 25, 1883, was discharged. Other entries indicated that there had been a service of another summons in September, and that the garnishee answered not indebted, and a traverse was filed; also that a summons was issued returnable to the November term, and then a judgment by default was entered.

The bailiff testified that the entry of service on E. W. Marsh should have been on E. W. Marsh, Jr., he being the person served, and the entry was allowed to be amended accordingly.

The jury found against the illegality, and a judgment was entered on their finding. The petitioner then applied for this *certiorari*.

The writ was issued, and the presiding justice adopted the statements of the petition as his own. On the hearing, the presiding judge affirmed the judgment below, and the petitioner excepted.

CANDLER, THOMSON & CANDLER, for plaintiff in error.

JOHN G. COLDWELL, for defendants

JACKSON, Chief Justice.

On the trial of a *certiorari* to the justice court from the superior court, wherein it appeared that a jury in the justice court had overruled an affidavit of illegality, the judge of the superior court did not sustain the *certiorari*, but affirmed the action of the jury. The error assigned here is that judgment of the superior court.

1. Three grounds of error are set out in the petition for *certiorari*. The first is, that on answer and traverse, the garnishee, who is the plaintiff in error, was discharged;

that there was no service, except by summons on him; that the attachment, when he was discharged, fell by that act; and that no subsequent proceedings could be had on the unserved attachment.

We think that ordinarily an attachment can be served again by another levy or by another service of garnishment, which is only another sort of levy; but the question here is, can it be served again on the same garnishee after the judgment discharged him? That discharge, in an issue of indebtedness or not—effects in his hands or none—is a judgment for him on the merits, and cannot be again tried. It is an estoppel *in judicio* by a solemn judgment on the issue of indebtedness to the defendant in attachment, and cannot be opened again, except as all other judgments may be, that is, for fraud in procuring it, or other legal reason. But if, on a mere technical point, the garnishee was discharged, then he might be served again. As we read the petition for the *certiorari* (which is adopted by the answer), it appears to be a judgment after issue and trial on the truth of garnishee's answer; but possibly it may have been a discharge simply on some technical objection to the traverse, or other irregularity of that sort. Therefore we reverse the judgment, with directions that the superior court order a fuller answer to the writ by the justice of the peace before whom the trial was had on the illegality, and ascertain precisely what was done.

2. In regard to the second point made in the petition, that service was not made on E. W. Marsh, Jr., but on his father, as appears by the return of the officer, which leaves out the junior, it is enough to say, that the officer has amended his return, and now certifies that he served E. W. Marsh, Jr.

3. The third ground can be better determined when the amended answer is returned to the superior court. If a good traverse and an answer were at issue against the same garnishee, we do not see why the garnishee was adjudged to be in default. But full facts are necessary to adjudi-

cate the point, and on those facts the very able judge of the Atlanta circuit can as well determine it as any court. See code, §§3283, 3288, 3266, 3536 ; Acts of 1866, p. 24.

Judgment reversed.