SHIRLEY *vs.* ROUNSAVILLE & BROTHER.

Where a suit was brought in a justice's court on a note given for guano, upon the face of which the defendant admitted that each of the sacks containing the guano was tagged and branded; and where, in defence to the action, he pleaded, and introduced testimony to show, that the sacks were not tagged and branded; and where the justice rendered a judgment against him, the case

could not be carried directly to the superior court by *certiorari*, but there should first have been an appeal to a jury in the justice's court.

April 7, 1887.

*Certiorari.* Appeal. Justices and Justice Courts. Before Judge BRANHAM. Floyd Superior Court. September Term, 1885.

Reported in the decision.

DEAN & EWING, by HARRISON & PEEPLES, for plaintiff in error.

J. B. F. LUMPKIN, by DABNEY & FOUCHE', for defendants.

HALL, Justice.

In this case, we have just the converse of the question this day decided in the case of *Rogers vs. Bennett.*

Shirley was sued on a note for $18, given for the purchase of "Zell's A B Guano." He pleaded to that action that the guano was not tagged and branded as required by the statute. Upon the face of this note, he admitted in writing that each of the sacks containing guano was tagged and branded, although he and another swore on the hearing that the guano was put up in phosphate sacks that had been used and that had the phosphate brand on them. The justice, it seems, did not credit the account the witnesses gave of this matter, and awarded judgment in favor of the plaintiffs. From that judgment, without an appeal to a jury in the justice's court, the defendant sued out a writ of *certiorari*, and the court dismissed the *certiorari* upon the ground that it was premature—that there should have been an appeal to the jury in the justice's court and a trial before the *certiorari* was brought.

That was a correct judgment, as shown by the cases

cited in the foregoing case (*Rogers vs. Bennett*), and in the decision this day delivered in *Rome R. R. Co. vs. Ransom. Ante*, 705.

Judgment affirmed.