THE WESTERN & ATLANTIC RAILROAD CO. *vs.* PITTS.

1. A general exception to the legality of the magistrate's judgment is not to be sustained merely because the return to the *certiorari* sets out no evidence; the case, as to matters of evidence, being one for appeal and not for *certiorari*.
2. Where the constable's return fails to show service of summons on the defendant, the case should be dismissed on motion made in due time, unless steps are taken to have the return amended. It is error to continue the case to perfect service. The summons falls, if not served ten days before the time designated therein for appearance, unless service is waived.
3. Appearance and pleading in writing to the merits will waive service, but not if want of service be likewise pleaded at the same time. Matters in abatement and in bar may be mixed in the same answer, and one defence will not defeat another.
4. Judgment by the magistrate was rendered in the action commenced by the first summons, and the second summons was treated only as a means of perfecting service in aid of the first, not as a new action brought.
5. Since the act of October 8, 1885, justices' courts may hold from day to day until their business is disposed of.
6. That counsel had professional business in two justice's courts on the same day, and was absent from one believing he had leave of absence to attend to business in the other, is no cause for setting aside a judgment rendered during his absence, where it appears from the magistrate's return that he neither had leave of absence nor any sufficient reason to think he had.
7. The superior court erred in failing to sustain the *certiorari* for error of the magistrate in not granting the motion to dismiss the action for want of service.

December 14, 1887.

Practice in Superior Court. Appeal. Service. Continuance. Waiver. Pleadings. Justices' Courts. Judgments. Before Judge FAIN. Gordon Superior Court. February Term, 1887.

Reported in the decision.

STARR & STARR, for plaintiff in error.

E. J. KIKER, for defendant.

BLECKLEY, Chief Justice.

In January, 1886, Pitts recovered a judgment in a justice's court against the Western & Atlantic Railroad Company for $50. The company did not appeal, but sued out a *certiorari*, complaining that the judgment was contrary to law; that the court refused to dismiss the case, on motion made at the first term and renewed at the second term, for want of service; that the court continued the case and granted an order to perfect service; that the judgment was rendered on a day other than the regular court day; and that it was rendered when counsel of the company was absent attending another justice's court, with leave of absence as he thought. At the hearing of the *certiorari* the superior court dismissed the same, and this is the error now complained of.

1. It was said in argument that the judgment was contrary to law, because the return of the magistrate sets forth no evidence upon which the judgment could have been legally founded. The return states, however, that evidence was introduced, and the petition for *certiorari* makes no point on the sufficiency of the evidence, nor is the petition based in any respect upon the evidence or the want of it. Had it been desired to re-examine the facts in the light of evidence, that should have been done, not by *certiorari*, but by appeal; and after verdict, the party would have had a remedy to scrutinize the evidence as finally shaped on the appeal trial. *Certiorari* may be used to test the sufficiency of the evidence to warrant a verdict, but where an appeal would lie, cannot be used to test its sufficiency to warrant a judgment by the magistrate. Code, §4157(j); *Buroughs vs. White*, 69 *Ga.* 841; *W. & A. R. R. vs. Carson* 70 *Ga.* 388; *Same vs. Dyar, Id.* 723; *Shirley vs. Rounsaville*, 78 *Ga.* 708.

2. The complaint of error in refusing to dismiss the case for want of service, and of error in continuing the case and ordering service perfected, is predicated upon this state of

facts: The summons was issued on the 21st of October, 1885, and on the 26th a return was made by the constable in these words: " Served a copy upon defendant, Parrott, by leaving it at his office." At the appearance term in November, the defendant's counsel moved to dismiss the case for want of service. The justice declined to hear the motion then, because the plaintiff's attorney was absent, but stated that the moving counsel might file his answer, and that he should lose no right. The counsel did file an answer, in which he not only set forth and insisted upon his objection as to the service, but also pleaded to the merits of the case. The cause was continued by the court, and at the following term, in December, both parties announced ready for trial, and the motion to dismiss was renewed, and though argued was not decided ; but the court granted, at the instance of plaintiff's counsel, a continuance to perfect service.

The officer's return did not show sufficient service, ( *Hayden vs. Atlanta Savings Bank*, 66 *Ga.* 150,) and in strict law, the court ought to have granted the motion to dismiss if the officer could not truthfully, or would not, amend his return. The return was amendable so as to include all the facts of a good service, if such facts existed, such as that Parrott was agent of the defendant company, and that the copy was left at his office, being the place of transacting the usual and ordinary public business of the corporation. (Code, §3869.) There is ample authority for amending official returns, even those of constables. Code, §3497; *Freeman vs. Carhart*, 17 *Ga.* 349 ; *Telford vs. Coggins*, 76 *Ga.* 683 ; *Marsh vs. Phillips*, 77 *Ga.* 436.

As the constable did not amend his return after the point was made in due time on its sufficiency, the presumption is that the facts did not warrant any amendment that would better it. And this presumption is strengthened by the course pursued at the following term by the plaintiff's counsel, who, instead of standing upon the service already effected, moved for a continuance in order to perfect ser-

vice; and the court granted it. Application for this continuance was a concession by the plaintiff, and the grant of it was a virtual adjudication by the court that there had been no valid service of the summons; for if there had been, what propriety was there in asking for or granting a continuance to serve the defendant again?

In our opinion, the court had no power to order service perfected, or to grant a continuance for that purpose. By the code, §4154, the case stood for trial at the time designated in the summons; and if there had not been due service prior to that time, there never could be any; the summons fell for lack of service to uphold it. Justice courts are of limited jurisdiction, and must conform in their proceedings to the conditions prescribed to them by statute. Their proceedings are intended to be summary, and of short duration. The trial is to be had at the first term after the summons issues, if had at all, unless the case is legally continued; and continuances are limited to one for either party, unless for providential cause. Code, §4155. Continuance to perfect service is unknown to the law applicable to these courts. Service which has to be perfected is no service. These courts cannot put a patch on defective service and mend it, though they may allow their officers to patch and perfect defective returns. A summons to appear at November term could not call upon the defendant to appear at a subsequent term, without altering it so as to express the latter in place of the former; and to do that would be to remodel the summons and make it virtually a new process. Why not issue a new one at once, and leave the old to perish? The summons is the suit, and to make a new return day for it, and alter it accordingly, and then serve, would be, in all essential respects, to begin a new action. In the superior courts, there is something to stand between the process and the antecedent nothing, to-wit, the declaration; and the process may be amended by substituting one term for another. When the declaration is filed, suit is commenced, (code,

§3333,) and the process is a writ subsequently issued, but summons is a writ without antecedent of any kind, and its date is considered as the commencement of action. Code, §4140. There can be no doubt that the true system of procedure ordained by the code, is for the summons to express, in the first instance, the time for appearance, and for service to be effected ten days before that time. Code, §§4139, 4141, 4154. The power granted to every court by the code, section, 206, par. 6, " to amend and control its process and orders so as to make them conformable to law and justice," is not to be used, we think, to break up or confuse this clear and definite system. There is often ample scope for amending a summons without converting it into a new summons; and it would be an abuse of the law of amendment to revive and extend an expired summons under pretext of amending it, as much so as to issue a new summons and treat the new one as an amendment of the old. In the case of a declaration or other pleading in the superior court, there is something to amend, and something to amend by, but these supports are wanting in a justice's court, after the summons has expired for lack of timely service.

3. As to the effect of pleading to the merits, we think such pleading, when done in writing, and it was so done in the present case, waives service, unless the want of service is likewise pleaded; and this also was done in the present case. The waiver does not result where the whole answer, taken together, shows that none could have been intended. Had a plea to the merits alone been filed, the objection, for want of service, would have been waived. *Smith vs. Taylor,* 11 *Ga.* 20. And see 68 *Ga.* 354; 56 *Id.* 517; code, §3335. But with us, pleas of every kind may be filed together, and, however conflicting, one does not oust another. *Jernigan vs. Carter,* 51 *Ga.* 232. Furthermore, the court and counsel had a clear understanding that the answer was filed with the right reserved to insist on the objection for want of service.

4. The magistrate issued a new summons in the case on the 23d of December, making it returnable on the 7th of January (the regular term), and this was served, on the 28th of December, upon " J..E. Parrott, agent of the W. and A. railroad, in person." This new summons does not appear to have been docketed as a case in and of itself, but was treated as an adjunct of the prior case. The final judgment was rendered on the 8th of January, 1886, and was not a judgment in the new case but in the old. The magistrate returns his docket entries as all made in one and the same case, beginning with November and ending with January term. The case in which he rendered judgment was the one which he continued at November and December terms, and called for trial and tried at January term. Had he treated the second summons as making a new case, and tried it, a judgment rendered in it could probably have been sustained. But this he did not do.

5. As to the point that judgment was rendered on a day other than the regular court day, the magistrate's return shows that at the January term, the business pending could not be disposed of in one day, and therefore the court continued in session the next day, and it was on the next day, whilst the court was thus in session, that the judgment was rendered. This practice is expressly authorized by the act of October 8th, 1885. (Acts, 1884–5, 48.) The case of *White vs. Mandeville*, 72 *Ga.* 705, was decided prior to this act, and is not in conflict with the present ruling. The intimation, if any, in the opinion, that the length of the term must be fixed before the term begins, was only from one member of the court, and was not necessary to the decision.

6. The return of the magistrate shows clearly that the counsel had no leave of absence on the second day of the January term, but states, on the contrary, that though leave was applied for, it was expressly refused. Nothing appears in the return which would justify the counsel in

supposing or believing that his application had been granted. Indeed it is not alleged in the petition that leave was granted, but only that the counsel so thought. Why he could or should have been under that impression, the record does not disclose.

7. As it was plain that the return of service was insufficient, the presiding justice should have granted the motion to dismiss which was made at November term, and renewed at December term; and as he did not grant the motion at either term, but tried to uphold the summons by service after the summons had expired, the superior court erred in not sustaining the *certiorari*, and in dismissing the same.

Judgment reversed.