## ALLEN *v.* BARNWELL.

A judgment appointing a guardian for a person alleged to be insane is void where the record shows that the proceedings were begun and concluded in one day, and that there was an absence of the statutory notice to the relatives, or of like notice to a guardian ad litem if there were no such relatives in this State.

Argued June 14, — Decided July 12, 1904:

Habeas corpus.    Before Judge Lewis.    Baldwin superior court.    May 10, 1904.

Miss M. L. Barnwell sued out a writ of habeas corpus, alleging that she was detained in the sanitarium of Dr. H. D. Allen. In his answer he justified her detention by the fact that she had been placed in his care and custody by M. C. King, her guardian under appointment of the ordinary of Baldwin county, in a proceeding adjudging her to be insane. On the hearing the validity of this judgment was attacked. King's petition for the appointment of a guardian recited that M. L. Barnwell was insane and had no property and no relatives in this State. It was filed October 20, 1902, in the office of the ordinary of Baldwin county. On the same day the ordinary passed an order as follows: " Baldwin Court of Ordinary, at Chambers, Oct. 20, 1902. Upon reading the foregoing petition, and it appearing that the notice of same, required by law, has been given, and no reason being offered to the contrary, it is ordered that the usual commission issue, directed according to law." In compliance therewith the commission issued, a jury was impaneled, and on the same day a verdict was rendered that M. L. Barnwell was a resident of the State of Georgia, and was insane, and should have a guardian appointed, and should be delivered into his care. On the same day the ordinary appointed King as guardian. By him the ward was delivered into the custody of the respondent, Allen, who maintained a home for persons suffering from insanity and nervous diseases. At the hearing the judge allowed evidence as to the condition of the applicant, from which it appeared that it was unsafe for her to be at large. It appeared also that the respondent held her under the direction of her guardian and with the consent of her father. The court directed that she be remanded to the custody of the respondent, but that she be discharged if, within thirty days, on proper application to the ordinary, judgment should not be rendered finding her to be an insane person and one for whom a guardian should be appointed. The respondent excepted to this modification of the order remanding her to his custody, and contended that the remand should have been absolute and unconditional.

*Allen & Pottle*, for plaintiff in error. *R. H. Lewis,* contra.

LAMAR, J. (After stating the facts.) The delay involved in the necessity of giving ten days notice, before being able to obtain an order of commitment for one who is violent and insane, may occasion inconvenience or even danger. But it does not warrant

the court in disregarding the command of the statute, though it may afford an argument to be addressed to the General Assembly with a view of shortening the time or of providing some proper method of restraint between the filing of the application and the hearing on the inquiry of lunacy.    In the present case no notice whatever was given, nor was the alleged lunatic present in court at the time of the trial.    The petition was filed, the writ issued, the jury was impaneled, the verdict was rendered, and the guardian appointed on the same day.    The want of the ten days notice being thus apparent on the face of the record, the recital that "the notice required by law had been given" was no more effective, and imported no more validity, than any other step in the proceeding, all of which was coram non judice.    Process and service are not essential in criminal cases.    But the person to be deprived of liberty must be present, and one to be deprived of his liberty because of misfortune is certainly entitled either to be present or to the substituted service defined by statute.    For though it is but an idle form to serve one actually insane, the fact of insanity is not established until after the hearing.    It is the very issue to be determined on the inquiry, and, as suggested in several previous decisions, it would always be best in such cases to give notice to the person to be affected.    But on principles fundamental and universal, a judgment without notice is void, and in every case there must at least be the notice required by the statute.    If there are no relatives in the State upon whom service can be perfected, then a guardian ad litem should be appointed to represent the person alleged to be non compos.    *Morton* v. *Sims,* 64 *Ga.* 298; *Yeomans* v. *Williams,* 117 *Ga.* 802; *Foster* v. *Jones,* 23 *Ga.* 168; Civil Code, §§ 2573, 2538.    In all habeas corpus proceedings the interest of the party held in custody is of prime importance.    *Williams* v. *Crosby,* 118 *Ga.* 298; Penal Code, § 1226. It was therefore proper for the judge to hear evidence as to the applicant's condition.    She is not complaining of his judgment; and in view of what the evidence disclosed, his order remanding her to the custody of respondent until an investigation of her sanity could be had was not only authorized but humane.    It preserved her legal rights and personal safety.

*Judgment affirmed.    All the Justices concur.*