### 11052.  PAYNE *v*. SHIRLEY *et al*.

STEPHENS, J.   1. Where an application for the appointment of an administrator is filed, and a caveat thereto is filed by one who had been appointed guardian of the deceased under a commission of lunacy issued under the Civil Code (1910), § 3092, the ground of the caveat being that the caveator, as guardian, was by operation of law the administrator of the estate, such ground of the caveat cannot be sustained where it appears that the guardianship appointment was void for want of jurisdiction on the part of the ordinary to entertain the application.

2. The ordinary has no authority to issue a commission of lunacy or for the appointment of a guardian under the Civil Code (1910), § 3092, where it appears that the alleged lunatic or ward has three adult relatives in the State, until after the expiration of ten days from the time such relatives have received notice of the application. The commission in this case having been issued on the same day on which the application was filed, the appointment of the guardian was void.   *Yeomans* v. *Williams*, 117 *Ga.* 800 (45 S. E. 73); *Allen* v. *Barnwell*, 120 *Ga.* 537 (48 S. E. 76).

3. The invalidity of the appointment of the guardian appearing upon the face of the record, the judgment of appointment may be attacked collaterally.   Civil Code (1910), §§ 5966, 5968.

4. The judgment refusing to sustain the caveat was proper.

        *Judgment affirmed.   Jenkins, P. J., and Smith, J., concur.*

            DECIDED SEPTEMBER 17, 1920.

Appeal; from Hart superior court — Judge Hodges.   September 24, 1919.

*T. Lumpkin Adderholt, Hammond Johnson,* for plaintiff in error.

*James H. & Emmett Skelton,* contra.