## BLACKWELL *v.* PARKS, guardian.

ATKINSON, J. 1. The Civil Code (1910), § 3092, conferring jurisdiction upon the ordinary to appoint a guardian for "persons imbecile from old age or other cause, and incapable of managing their estates," confers such authority "upon proof that ten days notice of such application has been given to the three nearest adult relatives of such person."

2. Service of the notice as provided for in this section is jurisdictional. *Yeomans* v. *Williams,* 117 *Ga.* 800 (45 S. E. 73) ; *Allen* v. *Barnwell,* 120 *Ga.* 537 (48 S. E. 176). And the appointment of a guardian by the ordinary without having served the required notice on the three nearest adult relatives of the person for whom it is sought to have a guardian appointed is void, and is subject to collateral attack. *Hart* v. *Manson,* 119 *Ga.* 865 (47 S. E. 203).

3. The Civil Code (1910), § 3931, par. 4, stating the rules of inheritance in this State, declares that "children stand in the first degree from the intestate," and that "lineal descendants of children stand in the place of their deceased parents; and in all cases of inheritance from a lineal ancestor, the distribution is per stirpes and not per capita." In par. 5 it is declared: "Brothers and sisters of the intestate stand in the second degree," etc. Resort may be had to these provisions of the Code for a definition of the word "nearest" as employed in section 3092, in determining who are the three nearest adult relatives of the alleged imbecile; and, construing the provisions of both sections, the children of a deceased child of the alleged imbecile stand related in the first degree, whereas the sister stands related in the second degree; and consequently, as between the sister of the alleged imbecile and the adult child of a deceased child of the alleged imbecile residing in this State, the latter is the nearest related and is the one to be served with notice in the proceedings to appoint the guardian.

4. The trial judge erred in ruling that the sister of the alleged imbecile rather than the son of the deceased daughter of the alleged imbecile was one of the nearest adult relatives, and in admitting evidence over appropriate objection, and charging the jury on the basis of the sister being

the nearest adult relative, and in refusing to grant the defendant a new trial.          *Judgment reversed.  All the Justices concur.*

No. 6338.  JULY 12, 1928.

Equitable petition.  Before Judge Stark.  Banks superior court. October 1, 1927.

A person as guardian of an imbecile appointed by the ordinary under the provisions of the Civil Code (1910), § 3092, instituted an action against the grandson of the ward, to cancel certain deeds and for other equitable relief.  By his pleadings and evidence the defendant attacked the plaintiff's right to sue, on the ground that his appointment as guardian was void, because the court of ordinary was without jurisdiction to make the appointment, the absence of jurisdiction being due to the fact that the statute applicable in such cases (Civil Code of 1910, § 3092, as amended) requires the service of notice upon the three nearest adult relatives residing in this State of the person for whom the appointment of a guardian is sought, and that in this case the persons served with such notice were two daughters and a sister of the alleged imbecile, whereas there were living in this State adult sons of a deceased child of the alleged imbecile, and that the son of said deceased daughter was a closer relative to the alleged imbecile than her sister, and consequently there was a failure to serve the three nearest adult relatives and the ordinary failed to obtain jurisdiction.  The trial resulted in a verdict for the plaintiff.  The defendant's motion for a new trial was overruled, and he excepted.

*A. C. Wheeler,* for plaintiff in error.

*S. R. Jolly* and *J. B. G. Logan,* contra.