20055, 20056. MILAM *et al. v.* TERRELL; and *vice versa.*

ARGUED MAY 12, 1958—DECIDED JUNE 4, 1958.

200

*W. B. Greene, Finley, Henson & Greene, Wm. A. Ingram,* for plaintiffs in error.

*Maddox & Maddox, J. D. Maddox,* contra.

DUCKWORTH, Chief Justice. ■ "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction,

and without excepting thereto, he shall thereby admit the jurisdiction of the court." Code § 81-503. The caveators filed objections to the probate of the will on the ground that the Court of Ordinary of Floyd County was without jurisdiction, a guardian having been appointed for the alleged incompetent testator in Bartow County. The question is, did the amendment to the above caveat, filed thereafter, without filing it subject to the plea to the jurisdiction contained therein, and by which the caveators injected the further objection that the testator was without mental capacity to make a will, thereby pleading to the merits, thus waive jurisdiction? We think not. The amendment was to the original caveat containing the plea to the jurisdiction which was not stricken. To waive jurisdiction the party must "not only plead to the merits, but decline to plead to the jurisdiction and fail to except to it." *Cox* v. *Potts,* 67 *Ga.* 521, 528. Having expressly pleaded to the jurisdiction the caveators would have had to strike this plea in order to waive jurisdiction. Pleas of every kind may be filed together, and "however conflicting, one does not oust another. *Jernigan* v. *Carter,* 51 *Ga.* 232." *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532, 536 (4 S. E. 921). Having expressly excepted to the jurisdiction by filing the plea at the first opportunity, the filing of a plea to the merits thereafter without stating that it was filed subject to the earlier plea would not have the effect of waiving the plea previously filed. See *Cox* v. *Potts,* 67 *Ga.* 521, supra; *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532, supra; *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (NS) 593). This ruling makes it unnecessary to pass upon whether or not the caveators might have struck this amendment and then by further amendment filed their plea to the merits subject to the plea to the jurisdiction, which was disallowed. The amendment filed earlier was automatically filed subject to the earlier plea.

■ Under Code § 24-1901 (5), courts of ordinary have original, exclusive, and general jurisdiction of the appointment and removal of guardians of persons of unsound mind as well as of minors. In addition the issuance of commissions of lunacy also comes within the jurisdiction of this court. Code § 24-1901 (9). And the appointment of guardians for insane persons without a

trial when in the State mental hospital shall be under the same rules and regulations as govern the appointment for minors. However, the appointment of guardians for persons of unsound mind who are incapable of managing their estates shall occur only after formal examination of such person as required by Code (Ann.) § 49-604. For this type of examination inquiring into a person's capacity to manage his own estate the jurisdiction of the ordinary is extremely limited, the proceedings are summary and must be strictly construed, and must show on their face such facts especially as to the giving of notice, the issuance of the commission, and the return thereof, as will authorize the judgment appointing the guardian. *Morton* v. *Sims,* 64 *Ga.* 298; *Templeman* v. *Jeffries,* 172 *Ga.* 895 (159 S. E. 248).

Applying the foregoing law to the facts in the present case as to whether or not a guardian was legally appointed for the testator, which question is raised by the plea to the jurisdiction, were the proceedings sufficient to give the Court of Ordinary of Bartow County jurisdiction and to authorize the judgment appointing the guardian? The record shows the proceedings to be as follows: The application for appointment of guardian, alleging incompetency, was filed January 12, 1944, returned to the February term (1st Monday in February 1944), and citation issued. On February 7, 1944, the wife of the alleged incompetent intervened. On March 6, 1944, the wife's intervention was sworn to and allowed filed. On the same date the applicant amended his petition, alleging the incompetent to have been adjudged a lunatic or person of unsound mind in 1903; three named persons alleged to be the three nearest relatives waived notice of the application for guardianship; and the case was continued to March 17, 1944. On March 17, 1944, it was continued to March 31, 1944. On March 20, 1944, the applicant again amended his petition, applying for the appointment of a commission under Code (Ann.) § 49-604, and three persons alleged to be the three nearest relatives were notified of the application for guardianship and that after 10 days the ordinary would issue the commission to inquire into the truth of the allegations. Service and notice were acknowledged and further service waived by these three alleged nearest relatives on the same date. However, the record does

not disclose that a commission was thereafter appointed after ten days. On the following September 4, 1944, several months later, another amendment referring to the entire proceedings and alleging that the incompetent person was and had been of unsound mind and non compos mentis from January 12, 1944, was filed and prayed for a guardian to be appointed. This amendment and the foregoing amendment of March 20, 1944, were allowed filed by the ordinary. On the same date the alleged wife was served with the foregoing petition. The record does not disclose that anyone else received notice of this application. The case was then continued by the ordinary to September 15, 1944. On September 14, 1944, the ordinary appointed a commission of two doctors and the county attorney to inquire into the mental condition of the alleged incompetent. On September 15, 1944, the commission appointed were duly sworn and the alleged incompetent was found to be of unsound mind and non compos mentis and incapable of managing his estate. A guardian was thereafter appointed and the case appealed to the superior court which affirmed the judgment. While as stated in *Barclay* v. *Kimsey,* 72 *Ga.* 725, mere failure to conform to the rules and practice prescribed by law for the transaction of business in the court of ordinary are considered irregularities and will not render the judgment void, the question arises here whether or not there was notice, or if the earlier notice was sufficient to give the court of ordinary jurisdiction? In *McGehee* v. *Ragan,* 9 *Ga.* 135, it was held that, "Letters of administration must be granted by the Court of Ordinary at the next term of the Court immediately succeeding the publication of the thirty days' notice . . . unless the application is *regularly* continued by the action of the Court, from time to time, and then the parties in interest are bound to take notice of such continuance." The opinion therein states that when the applicant fails to apply on the date cited, "and the same remains without being regularly continued from term to term, by the action of the court, the parties in interest have a right to consider the application as abandoned." See also *Torrance* v. *McDougald,* 12 *Ga.* 526; *Head* v. *Bridges,* 67 *Ga.* 227; *Bell* v. *Love,* 72 *Ga.* 125; *Rusk* v. *Hill,* 117 *Ga.* 722 (6) (45 S. E. 42). Considering the entire record in the court of ordinary,

the first lawful proceeding to appoint a commission occurred on March 20, 1944, with the three nearest alleged relatives properly served with notice of the appointment of the commission within 10 days. The next action occurred September 4, 1944, several months later and apparently without legal continuance of the case from time to time, although there is a notation of a continuance from June 5, 1944, to June 15, 1944. Do we consider this a new action? Or can the applicant revive the previous application by amending his pleadings and having the ordinary allow the amendment filed along with the petition of March 20, 1944, which apparently had not been allowed filed previously? Only the alleged wife was served with the application on September 4, 1944, and no definite date of notification was given her as to the date of the appointment of the commission. And, as stated in *Yeomans* v. *Williams*, 117 *Ga.* 800 (45 S. E. 73), the other nearest relatives can not waive the required notice in a summary proceeding such as this. In addition the commission issued on the 9th day thereafter by the ordinary's order although the commission was properly sworn and the examination conducted on the 10th day. Where the commission is issued without the requisite notice the judgment appointing the guardian is void. *Morton* v. *Sims*, 64 *Ga.* 298 (3), supra; *Yeomans* v. *Williams*, 117 *Ga.* 800, supra; *Allen* v. *Barnwell*, 120 *Ga.* 537 (48 S. E. 176); *Jackson* v. *Harris*, 165 *Ga.* 873 (142 S. E. 273); *Davis* v. *Melton*, 51 *Ga. App.* 685 (181 S. E. 300). Conceding but not deciding that this summary proceeding could be continued by the ordinary from time to time, the proceedings of March 20, 1944, were not properly continued and therefore abandoned.

Thus the service of the proper notice on March 20, 1944, could not, in any event, extend over to the application of September 4th. Examining the application of that date, only the wife was served with the application, but no one, not even the wife, received notice of an appointment of a commission on the 15th of September, 10 days thereafter. The notice must also give the time the commission is to issue. *Owenby* v. *Stancil*, 190 *Ga.* 50 (8 S. E. 2d 7). As stated above, this is a special and summary proceedings, calling for the speedy and peremptory disposition

of the matter in accordance with the statute. Upon proof that 10 days' notice of the application has been given to the nearest adult relatives of the alleged incompetent, the ordinary shall issue the commission to inquire into his sanity. The ordinary here issued the commission on the 14th of September, exactly 9 days after the alleged notice to the wife, and this was insufficient to meet the requirement of the statute. *Morton* v. *Sims*, 64 *Ga.* 298 (3), supra; *Jackson* v. *Harris*, 165 *Ga.* 873, supra; *Payne v. Shirley*, 25 *Ga. App.* 644 (104 S. E. 17). For the foregoing reasons, the record shows on its face that the appointment of the guardian was a nullity, and the plea to the jurisdiction of the Court of Ordinary of Floyd County is without merit.

Because of the foregoing ruling that the proceedings showed upon their face that the judgment appointing the guardian was void, it was reversible error as contended in the cross-bill to allow the record thereof to be introduced in evidence over objection.

■ While the charge to the jury on domicile was erroneous in that it authorized the jury to find the proceedings in the Court of Ordinary of Bartow County appointing the guardian to be void, since the judgment appointing the guardian was void on its face and should have been so declared by the court, the error was harmless and such error is not a ground for the grant of a new trial, and the court did not err in denying the amended motion for new trial for this reason.

■ The second special ground of the motion for new trial complains of an excerpt from the charge that "an insane person generally may make a will." This was clearly an erroneous statement of the law. See Code § 113-204. While in the context in which it was used the charge further instructed the jury that insane persons and lunatics may during lucid intervals make a will, this further correct charge did not remove the injury done by the erroneous charge, and it made no reference to or attempted to correct the erroneous portion. Whether or not the word "not" was intended and the scrivener mistakenly left out the word or failed to hear the word in recording the judge's charge, or the same was a "slip of the tongue" by the judge in so charging, this court must decide the case upon the

record, and we are not allowed to speculate as to whether or not such possibilities may have been true. The unambiguous charge can not be upheld upon such theories as found in *Warren* v. *Gay*, 123 *Ga.* 243 (51 S. E. 302); and *Becker* v. *Donaldson*, 138 *Ga.* 634, 645 (75 S. E. 1122). The charge was error and was not corrected elsewhere and requires a reversal of the judgment.

■ Counsel for the plaintiff in error expressly waived the general grounds. However, exceptions are taken in the bill of exceptions to the denial of a motion to direct the verdict in favor of the caveators and their subsequent motion for judgment notwithstanding the verdict. Since the evidence authorized the verdict in favor of the propounder of the will, the court did not err in denying either of these motions. But, for the reason stated in division 4 above, the court erred in denying the motion for new trial, and the judgment must be reversed.

*Judgment reversed on the main and cross-bills of exceptions. All the Justices concur.*