14  509
94  435

## STRAIGHT vs. HARRIS and others.

A party who is made defendant to a foreclosure suit under a general allegation merely that he claims an interest in the mortgaged premises, which interest, if any, accrued *subsequently* to the mortgage sought to be foreclosed, and against whom judgment of foreclosure is taken by default, is not barred by such judgment from bringing suit to foreclose a prior mortgage held by him on the same premises.

The recording of a *subsequent* mortgage is not notice to a prior mortgagee, so as to bring him within the operation of the equitable rule which would preclude him, after notice, from releasing any part of the premises covered by his mortgage and then enforcing his lien on the remainder to the injury of the second mortgagee.

APPEAL from the Circuit Court for *Richland* County.

This was an action to foreclose a mortgage executed by the defendant *Harris* to the plaintiff, January 10th, 1857, to secure the payment of $135.41, payable four months after date, with interest at 12 per cent. The land originally covered by the mortgage was the S. E. qr. of the S. E. qr. of sec. 8, and the S. W. qr. of the S. W. qr. of sec. 9, in town 10, in

Richland county. The complaint states that in considera-
tion of the payment of interest on the mortgage debt to Sep-
tember 19, 1858, and of $42.93 of the principal paid De-
cember 24th, 1857, the plaintiff released from the lien of
the mortgage the S. W. qr. of the S. W. qr. of sec. 9 aforesaid;
that there was due on the mortgage $92.50, with interest at
12 per cent. from September 19, 1858; that the defendants
*C. W.* and *Eliza Huntington, Haseltine* and *Janney* had or
claimed some interest in or lien upon the mortgaged premises,
which had accrued subsequently to the lien of the plaintiff's
mortgage. Prayer, that all the defendants might be barred
and foreclosed, &c.

The defendant *Harris* answered, alleging the pendency in
the same court, at the time of the commencement of this
action, of another action for the same cause and between the
same parties plaintiff and defendant. The defendant *Hasel-
tine* answered alleging among other things that on the 19th of
September, 1857, *Eliza Huntington,* who was then the owner
of the east half of the S. E. qr. of sec. 8, and the N.
W. qr. of the S. W. qr. of sec. 9 in town 10 in said
county, executed to one *Sarah Harris* a mortgage upon
the same land to secure a debt of $1200, which mort-
gage was recorded October 23d, 1857, and was assigned to
the defendant *Haseltine* for value, and the assignment record-
ed November 13th, 1857; that there was then due or to be-
come due on said mortgage $1361; that the land covered by
the mortgage was not worth that sum; that the release exe-
cuted by the plaintiff of the S. W. qr. of the S. W. qr. of
section 9, was made subsequent to the recording of said as-
signment; and the land so released was worth $500. The
defendant demanded judgment that the plaintiff be required
"to deduct from his mortgage the value of the said S. W.
qr. of the S. W. qr. of section 9," &c.

The defendant *Haseltine* afterwards filed an additional an-
swer, alleging that after the commencement of this action,
to wit, November 17th, 1859, he had obtained in said cir-
cuit court, in an action brought by him against *Eliza Hun-
tington, C. W. Huntington,* said *Straight* and others, a decree
for the foreclosure of the mortgage given by said *Eliza,* men-

tioned in his first answer; that in said action said *Straight* had been personally served with a summons more than ninety days before the commencement of the term of court at which said decree was rendered; and that by said decree, said *Straight*, and all persons claiming under him, &c., had been barred and foreclosed of all equity of redemption in the said mortgaged premises.

On the trial, the plaintiff and the defendant *Haseltine* introduced evidence sustaining the allegations of the complaint and answer, except as to the value of the land released by the plaintiff from the operation of his mortgage, which was shown to be between three and four hundred dollars. The complaint in the action of *Haseltine vs. Eliza Huntington and others* (which was a part of the record introduced in evidence by the defendant *Haseltine* to sustain his additional answer), alleged, among other things, that said *Straight*, one of the defendants therein, claimed an interest in the premises covered by the mortgage sought to be foreclosed in that suit, and that such interest, if any, accrued subsequently to the date of that mortgage.

The court found that the plaintiff, at the time of releasing the forty acres from his mortgage, had no knowledge of the existence of any subsequent mortgage, and rendered a judgment of foreclosure and sale of the S. E. qr. of the S. E. qr. of section 8, to satisfy the plaintiff's claim of $113 38 and costs; from which *Harris* and *Haseltine* appealed.

The record contains a certificate of the circuit judge before whom the case was tried, that it appeared from the testimony that before the commencement of the suit, a suit for the same matter had been commenced by the plaintiff; that notice of discontinuance of said suit had been served upon the defendant therein; but that no order of dismissal of said cause had ever been obtained from the court.

*Eastland & Eastland*, for appellants:

1. An action regularly commenced cannot be dismissed or discontinued except by order of court. 2. *Haseltine* was entitled to have the value of the land released by *Straight*, deducted from the amount of *Straight's* mortgage, before the lien of the latter was enforced upon the remaining land cov-

June Term, 1861.

STRAIGHT
v.
HARRIS et al.

ered by *Haseltine's* mortgage. 2 Kinney's Compendium, 95, 188; 1 Story's Eq. Jur., § 633; 9 Wis., 54. 3. *Straight*, having been made a defendant in the foreclosure of *Haseltine's* mortgage, and personally served with summons, was bound to appear and disclose his equities, that the court might protect them. Having neglected to do so, and his equities having been foreclosed in that action, he cannot now maintain an action on his prior mortgage. 1 Wis., 631; 5 id., 154; 4 id., 43. The owners of the equity of redemption can be charged with but one bill of costs. 3 Paige, 509; 2 Wis., 306; 5 id., 154. The decree in that action vested in the purchaser the whole interest of the defendants therein. 6 Wis., 257. *Straight*, in not defending in the foreclosure suit brought by *Haseltine*, was guilty of *laches*, and should not be relieved. 8 Wis., 277; 4 id., 40–43; 6 id., 257–60.

*Priest & Miner*, and *Smith & Keyes*, for respondents: ·

The recording of a subsequent mortgage is not sufficient notice to a prior mortgagee. 2 Barb. Ch. R., 151; 6 Paige, 35; 8 id., 277; 1 Johns. Ch. R., 414; 4 Ves., 389; 1 Sch. & Lef., 90; 10 Ohio, 80.

December 11.

*By the Court*, COLE, J. It is very clear that the judgment of foreclosure in the case of *Haseltine vs. Harris, Straight et al.*, did not bar or cut off the respondent's rights under his prior mortgage. For although he was made a party to that suit, it was for the express purpose of cutting off any claim which he might have in the mortgaged premises accruing subsequently to the date of the mortgage in that suit. The complaint in the suit of *Haseltine vs. Harris, Straight et al.*, alleges that *Straight* and others therein named claimed to have an interest in the mortgaged premises, but which claim, if any, accrued subsequently to the mortgages therein foreclosed. *Straight* entered no appearance in that case, but let judgment go by default. What then was the effect of that judgment so far as he was concerned? Simply to bar any right or claim which he might have in the premises, accruing subsequently to the Huntington mortgage. But clearly it could not bar and cut off his rights under a mortgage prior

and paramount to that mortgage. This point was directly adjudicated in the case of *Strobe vs. Downer*, recently decided in this court. 13 Wis., 10. That was an action to foreclose a mortgage, to which Downer, as assignee of a subsequent mortgage, was a party. He claimed that Strobe's interest in the mortgaged premises had been barred and cut off in a previous suit instituted by him to foreclose his mortgage, to which suit Weimar, the assignor of Strobe, had been made a party. It appeared that the assignment of the first mortgage had never been recorded, and that when Downer took the assignment of the second mortgage, he supposed that the prior incumbrance had been paid off and discharged. In the Downer suit a printed blank had been used for the complaint, in which, after stating that Weimar claimed an interest in the premises, the claim that such interest accrued subsequently to the mortgage sought to be foreclosed, was erased. The case was considered in the same light as though Weimar had never assigned his mortgage. And we held that although he had been made a party to that suit, yet as his right was prior and paramount, it was not affected or barred by the proceedings in the Downer suit. It would certainly be strange and extraordinary doctrine, to say that a judgment of foreclosure barred and cut off rights under a prior mortgage, when the holder of such prior mortgage did not appear in the action, and when the complaint alleged that he was a subsequent incumbrancer, and proceeded against him as such. In no possible view of the case can any such effect be given to the judgment in the case of *Haseltine vs. Harris, Straight et al.*, as claimed for it here. It could not affect rights accruing under prior liens. That judgment may well be held to bar and cut off the claims of all parties defendants whose rights in the mortgaged premises accrued subsequently to the mortgage there foreclosed, but can have no wider application. See the authorities cited in *Strobe vs. Downer*, where this question is fully discussed.

Another question presented is as to the effect of the release of a portion of the mortgaged premises by *Straight*. It is contended that the holder of the second mortgage was great-

ly prejudiced by this release, and that where this is the case, the rule in equity is, that a prior mortgagee will not be permitted to charge other portions of the premises with the debt, without deducting the value of that part released. This may be the rule where the prior mortgagee releases with notice of the subsequent incumbrance. It is not pretended that *Straight* had any actual notice of the existence of the subsequent mortgage, and we have recently decided in *Deuster vs. McCamus* [ante, p. 307], that the recording of a subsequent mortgage was not a sufficient notice to a prior mortgagee, who releases a portion of the mortgaged premises, to bring him within the operation of the equitable rule just cited. Had it appeared that *Straight*, when he executed the release, had notice of the existence of the Huntington mortgage, the rule would have applied.

This disposes of all the material questions in the case.

The judgment of the circuit court is affirmed.