CARLTON *v.* WHITE, cashier.

1. This case, upon the question of attorney's fees, is controlled by the decision of this court in *Butler* v. *Mutual etc. Investment Company*, 94 *Ga.* 563.

2. The only other material question involved, namely, whether an accommodation maker of a promissory note, payable at a chartered bank, is entitled to notice of non-payment etc., was decided by this court in the case of *Mayer* v. *Thomas*, 97 *Ga.* 772.

3. According to the allegations of the plea filed by the defendant, who was sued as principal, he was in reality a surety only, and as the fact of suretyship did not appear upon the face of the contract, it would, under section 2165 of the code, have been his right, on proper notice to the other defendant sued with him as indorser, to make the necessary proof and have this fact established by the judgment of the court, if there had been in the plea any prayer authorizing this to be done. There was, however, no such prayer in the plea. Indeed, all it contained with reference to this matter was, simply, an allegation that the defendant by whom it was filed had given the other defendant "notice of this plea."

May 4, 1896.   Argued at the last term.

Complaint on note.   Before Judge Cobb.   City court of Athens.   March term, 1895.

The suit was against J. H. Carlton as maker, and R. K. Reaves as indorser, on a promissory note, dated November 14, 1893, due four months after date, made and signed by Carlton, and payable to the order of James White, cashier, at the National Bank of Athens. It bore a waiver of notice of protest, signed by Reaves by his attorney. Carlton filed certain pleas, which were stricken on demurrer, and judgment was rendered by the court against the defendants for principal and interest, and for attorney's fees against Carlton. To these rulings, Carlton excepted.

The pleas were: (1) While defendant in form appears to have been the maker and Reaves the indorser of the note, in fact he signed the note at the request of Reaves and for his accommodation, and Reaves then indorsed it and had it discounted at the National Bank of Athens, a chartered bank of this State, which is the real plaintiff in the case. Defendant received no benefit from the note or its proceeds, or from the consideration of the note, either from Reaves or the bank. All these facts were well known to the bank at the time the note was discounted and came into its possession, and therefore defendant is in law and fact an accommodation indorser on the note, and as such was entitled to notice of protest on non-payment of the

same. When the note fell due it was not presented to defendant for payment, nor was he advised of its non-payment until after Reaves became insolvent. With full knowledge of these facts plaintiff failed and neglected to protest the note for non-payment, when it became due, and to give defendant any notice of such non-payment, and defendant was not notified of the non-payment until after Reaves became insolvent and long after the note became due; whereby he was discharged. (2) Defendant is not indebted to plaintiff as maker and principal, but the true relation of the parties to the note is that Reaves was maker and defendant only an indorser, which fact was well known to plaintiff, the payee, when the note was made and when it became due. The note was executed solely for the accommodation of Reaves. It was executed by defendant and indorsed by Reaves solely for the purpose of allowing Reaves to discount it at the bank, and of obtaining money thereon for Reaves and negotiating the same at said bank. This defendant received no consideration for signing the note, and Reaves was in fact the maker and the person who was intended to be personally liable thereon, and defendant was a mere indorser and intended to be liable as such for Reaves if Reaves failed to pay the note. With a full knowledge of these facts and of this the true relation existing between defendant and Reaves, that it was Reaves' debt and not the debt of defendant, plaintiff accepted the note from Reaves, discounted it for Reaves' benefit, collected from him the interest or discount, and looked to and regarded him as the maker and person primarily liable thereon and therefor. Plaintiff well knew, both when the note was given and when it became due, that defendant was but an indorser and Reaves was in reality the maker and primarily liable on the note; yet plaintiff neglected to give defendant notice of the non-payment of the note, and neither protested it for non-payment, nor gave defendant notice of such protest and non-payment. Reaves has be-

come insolvent.　Wherefore defendant has been discharged by the act of plaintiff from any liability on the note, for the note was payable at a chartered bank, and when executed was intended to be discounted at a chartered bank, and was in fact so discounted.　(3) Defendant was and is an accommodation indorser for Reaves on the note. Reaves was in fact the maker and the note was signed by defendant for the accommodation of Reaves, and the true relation of defendant to the note is that of indorser and not maker, all of which was known to plaintiff.　The note was not protested for non-payment, nor was defendant notified of such non-payment; whereby he was released from liability thereon.　Defendant has given Reaves notice of this plea.

C. L. Bartlett, H. T. Lewis, Erwin & Cobb and Lumpkin & Burnett, for plaintiff in error.

W. S. Basinger and J. J. Strickland, contra.

ATKINSON, Justice.

1. In so far as concerns the error upon the direction of the verdict allowing counsel fees in this case, the questions made in the present record are controlled by the decision of this court in the case of Butler v. Mutual etc. Investment Company, 94 Ga. 563.　Upon that question the facts in the case above referred to are identical with those which appear in the present record.

2. In the case of Mayer v. Thomas, reported in 97 Ga. 772, it was held that an accommodation maker of a promissory note was not entitled, upon non-payment at maturity, to have the same protested for non-payment, and to receive notice thereof, such as is required to be given an indorser under the provisions of our code.　The principle ruled in that case rules this, and no further discussion of that question is necessary or would be profitable.

3. Under section 2165 of the code, if one sued as a principal claim to be a surety only, and the fact of suretyship

does not appear on the face of the contract, this fact may be proved by parol as against the real principal, and the true status of the alleged suretyship defined in the judgment, provided, before judgment, the surety shall give notice to the principal of his intention to make such proof. In order, however, for one to avail himself of the provisions of this statute, he must plead and prove his suretyship. The records of the court stand as a memorial of its judgments, and it is therefore essential that when one seeks affirmative relief from a court, his pleadings should be so moulded as to authorize the rendition of a judgment in his favor.    Courts are not authorized to grant relief where none is prayed, and therefore an omission to ask relief is equivalent to an admission that none is desired.    Under the plea filed in the present case, the real relation of the apparent principal of the paper to the indorser was that of surety only, and as between these two, upon proper pleadings, he would have been entitled to have had the verdict so moulded.    The notice required by the statute is necessary to enable him to offer parol evidence of the fact upon which the relief allowed is granted, but without the pleadings to support it, the evidence would not be admissible, even though the notice had been given.    It therefore follows that, in the absence of a prayer in the plea asking for independent affirmative relief, the court did not err in the rendition of its judgment, notwithstanding the fact that the alleged principal was a surety only; and it is clear from what we have heretofore said, that no error was committed in overruling the defendant's motion for a new trial.                    *Judgment affirmed.*