SHANK *et al. v.* WASHINGTON EXCHANGE BANK *et al.*

If certain persons bought property and gave promissory notes therefor payable to the vendor or order, two of them signing as principals and one as surety for them, and such notes were transferred to a bona fide purchaser for value, before due, and without notice, in a suit by the holder against the makers, the surety, and the payee as indorser, the makers and the surety for them could not, by alleging that the property was of no value and that there was a total failure of consideration, claim to occupy the position of sureties for the original payee, and to have the judgment in favor of the plaintiff so molded as to declare that they were such, and that they should have the privilege of paying the judgment and being subrogated to the rights of the plaintiff.

Submitted December 1,—Decided December 21, 1905.

Complaint. Before Judge Toombs. City court of Washington. January 30, 1905.

The Washington Exchange Bank brought suit against George S. Shank and T. S. Paschal as makers, Louisa J. Shank as surety, and E. L. Holland as indorser, on two promissory notes. The defendants, George S. Shank, T. S. Paschal, and Louisa J. Shank, security, filed a plea alleging that the notes were given to Holland for the purchase of a certain boiler and engine; that they were both totally worthless and not suited for the purposes for which they were sold; that this was known to Holland before the sale, and his conduct was a fraud upon them; that Holland indorsed the notes and was sued in this action as such indorser; and that there was no consideration for the notes sued on; but they admitted that they would have to submit to a judgment in favor of the bank, if it was a bona fide holder for value. They contended that the judgment in favor of the bank should be so framed as to allow it to be controlled by them

as mere sureties or guarantors for Holland, with permission to them to pay it and be subrogated to the rights of the bank against him. It was agreed that the bank was a bona fide purchaser of the notes for value and without notice. On motion the court struck the plea, and, after verdict against the defendants filing the plea and Holland, the former excepted.

*F. H. Colley,* for plaintiffs in error. *J. M. Pitner,* contra.

LUMPKIN, J. (After stating the facts.) Where a suit is brought against several defendants, some of whom are in fact sureties for another, if this does not appear on the face of the contract it may be proved by parol, either before or after judgment, the creditor not being delayed in his remedy by such collateral issue between the principal and the surety. Civil Code, §2984; *Whitley* v. *Hudson,* 114 *Ga.* 668; *Camp* v. *Simmons,* 62 *Ga.* 85; *Cauthen* v. *Central Georgia Bank,* 69 *Ga.* 733. This rule applies where the relation of principal and surety in reality exists, although it does not appear on the face of the contract. In the case now under consideration the defendants who filed this plea did not allege that they were in fact sureties for Holland or signed as such, or that the relation of principal and sureties was ever contemplated between them. They were debtors of Holland, not sureties for him. Louisa J. Shank signed as surety for the other two, not for Holland. If they have any claim against Holland, it is not because they are sureties for him, but because they gave him a note for certain worthless machinery and are subject to judgment because the note was transferred to an innocent purchaser for value without notice. Want of consideration or failure of consideration for a promissory note does not create the relation of principal and surety between the makers of the note and the payee, although it may have been indorsed to an innocent purchaser, and the makers may be unable to assert their defense against the holder. The plea was properly stricken.

*Judgment affirmed. All the Justices concur.*