### 102.  UNDERWOOD *et al. v.* BASS & HEARD.

1. A plea alleged, that the defendants were sureties on the notes sued on, and that although the fact of suretyship did not appear on the face of the notes, it was known to the plaintiffs; that the defendants were induced to sign the notes as sureties by a promise made to them by the plaintiffs that they would give employment to the principal maker of the notes, and would apply his salary to their payment; that the plaintiffs had so employed the principal maker, but had failed to apply any part of his salary, as promised, to the payment of the notes, although he had earned and they had paid him more than the amount of the notes. *Held,* that the plea set up a good defense, and, if proved, the sureties would be discharged from liability on the notes.
2. The judge of the superior court, on certiorari, in remanding the case to the justice for another trial, erred in directing him to strike the plea on demurrer, and not to admit any testimony in support thereof.

Certiorari, from Walker superior court—Judge Wright.  February 23, 1906.

Submitted February 11,—Decided April 25, 1907.

*J. E. Rosser, W. M. Henry,* for plaintiffs in error.

*John W. Bale, Walter B. Shaw,* contra.

HILL, C. J.   Suit was brought by Bass and Heard, in a justice's court, on promissory notes made by N. J. Edmondson, S. J. Edmondson, Reuben Underwood, and W. C. McWhorter. Reuben Underwood and W. C. McWhorter were served, and appeared and filed the following plea:   (1) That said defendants were only sureties, and that said notes were without consideration as to them. (2) That the indebtedness for which said notes were given was incurred by N. J. & S. J. Edmondson; that the fact that these defendants were only sureties was well known to the plaintiffs at the time these notes were executed; that they were induced to sign said notes as sureties because the said Bass and Heard, to whom said notes were payable, expressly and unconditionally contracted and agreed with defendants that, if they would sign said notes as sureties, the firm of Bass and Heard would not only extend the

time for payment of the indebtedness which the said N. J. & S. J. Edmondson owed them, but would take N. J. Edmondson, their principal, into their employment, and would keep him for such time and pay him such salary as would enable him to pay off and discharge said notes, and would apply such salary to their payment; that this contract and agreement was fully understood, and constituded the consideration to them in signing said notes as sureties; that in pursuance of this agreement and contract, said Bass and Heard did employ said N. J. Edmondson a sufficient length of time and did pay him a sufficient amount of salary to have fully paid off said notes; but that the said Bass and Heard did not comply with their agreement with defendants, made to induce them to sign said notes, but failed to apply any part of the salary of the said N. J. Edmondson to the extinguishment of said notes; and defendants say that such failure on the part of plaintiffs operates as a release of them from any further liability on said notes, and discharges them from any liability upon the same in law, equity, and good conscience.

The plaintiffs demurred to this plea, on the grounds, that it set up no legal defense to the notes sued on, and that it sought to vary the terms of the notes by parol agreement. The justice overruled the demurrer, and, after hearing the evidence, entered judgment in favor of the defendants. An appeal was had to a jury, which returned a verdict for the defendants; and thereupon the plaintiffs filed a petition for certiorari to the superior court, which was sanctioned and the writ granted. Upon hearing the certiorari the superior court sustained the same, and ordered the case to be sent back to the court below, with instructions "that the demurrer to the plea be sustained and the plea stricken, and that no testimony as to any contract set up in said plea between the plaintiffs and defendants prior to the signing of the notes sued on be admitted." To this judgment the defendant in certiorari excepted.

We think the judgment of the superior court in ordering the justice to strike the plea on demurrer was erroneous. The fact of suretyship did not appear on the face of the contract, and could have been proved by parol. Civil Code, § 2984. We do not think the plea filed by defendants as sureties was subject to the objection that it sought to vary the terms of the written contract by parol agreement. The consideration of a note can always be inquired into, and

the facts alleged in the plea were for the purpose of showing the consideration which induced the defendants to sign the notes as sureties. Between the defendants as sureties and the plaintiffs as creditors of the principals, the alleged agreement was a part of the consideration of the contract of suretyship. In other words, the promise on the part of the creditors to employ the principal debtor for a long enough time and at a sufficient salary to pay off the notes, and that they would so apply the salary, was alleged to have been the consideration inducing the defendants to sign the notes as sureties. We think the defense set up by these sureties is fully sustained by the Supreme Court in the case of *Matheson* v. *Jones,* 30 *Ga.* 306. The headnote of that case is as follows: "If the payee of a note, to induce one to become a security thereon, represents that he has in his hands funds belonging to the principal, which shall be applied as a credit upon the note, the security may give parol evidence of the payee's promise; and if established by the proof, he is entitled to the benefit of said assurance." We also think the plea in this case falls within the principle announced by Mr. Justice Bleckley, speaking for the Supreme Court in *Taylor* v. *Scott,* 62 *Ga.* 39: "Certain promissory notes setting out crop liens being made in 1874, two of the makers being sureties for the third, though not so appearing on the face of the writing, and the fact of the suretyship being known to the creditor, and one of the sureties having signed on the faith of the creditor's promise that he (the creditor) would apply the principal's crop of that year to these particular notes, and said surety having communicated such promise to the other before the latter signed, and both having thus signed on the faith of the promise, the creditor was bound to make the application accordingly, and his failure to do so discharged the sureties, the crop being of sufficient value to pay all the notes."

The plea in this case alleging that the defendants signed the notes as sureties, that the fact of suretyship was known to the creditors, that they had signed the notes on the faith of the creditors' promise and agreement, that they would employ one of the principal makers for a sufficiently long time and would pay him a sufficient salary to pay off said notes, and would apply his salary to the payment of such notes; that the creditors had performed a part of their agreement and had employed one of the principal makers of the notes accordingly, but had failed to apply his salary to the pay-

ment of the notes as they had promised to do; and that there had been a sufficient amount of salary, if it had been so applied, to have paid off the notes, set up a good defense, and, if sustained by the proof, would have discharged the defendants from liability as sureties on the notes. Our conclusion consequently is that the judgment of the superior court on certiorari, instructing the justice to strike the plea and to refuse to allow any testimony in support thereof on the new trial ordered, was erroneous. The judgment is reversed, with direction to the judge of the superior court to rehear the certiorari in the light of this decision.                 *Judgment reversed.*