### 4421. BISHOP *v.* GEORGIA NATIONAL BANK *et al.*

1. After giving proper notice to a defendant sued with him as surety, one who is really a surety but is sued as principal, upon a contract on the face of which his suretyship does not appear, may, on proper notice to his codefendant, sustain his plea of suretyship by parol evidence establishing or tending to show the true relationship of the parties to the contract.

2. On the trial of the issue as to the precise relationship occupied by the signers of the contract in such a case, the real relation of the parties to the contract and to each other may be disclosed by circumstances as well as by direct proof. Generally the determination of this issue would depend wholly upon such circumstances as the comparative interest of the parties in the subject-matter, or upon the ascertainment of which party was benefited by the transaction, or any other reason which might originally have induced either or both of the parties to sign the contract.

3. A fragmentary excerpt from the charge of the court, isolated from its context, may be amenable to criticism, yet when replaced in its proper setting, and when the instructions upon the subject are viewed as a whole, every semblance of error therein may disappear.

4. In the absence of an appropriate request it is not error for the trial judge to omit specific reference to particular points or phases of the evidence confirmatory of the contentions of either of the parties. Before the judge is required to direct the attention of the jury to a fact which a party may deem to be material, though only collaterally involved, a ruling upon its materiality must be invoked.

DECIDED JULY 8, 1913.

Complaint; from city court of Athens—Judge West. August 1, 1912.

*Green & Michael, W. L. Erwin,* for plaintiff in error.

*Cobb & Erwin, T. S. Mell,* contra.

RUSSELL, J.  The Georgia National Bank sued Brown as principal and Bishop as surety, upon a promissory note for $2,188 and interest and attorney's fees.  It appears from the record that Brown signed the note and Bishop indorsed it.  Neither of the defendants contested the right of the plaintiff to recover.  The only issue in the case was as to the relation of the parties,—the primary and secondary liability of the respective defendants to the plaintiff. Brown pleaded that although he was presumptively the principal, by reason of the fact that he was ostensibly the maker of the note in reality the original obligation was Bishop's, and that he (Brown) signed only as a matter of accommodation, to enable Bishop to borrow the sum of money for which the note was originally given. Brown supported this plea by proof.  On the other hand, Bishop testified in the most emphatic manner that he signed the note simply as surety for Brown.  This issue seems to have been fairly submitted to the jury by the trial judge, and, since a verdict in favor of either of the parties would have been authorized, we have no disposition to disturb the discretion of the trial judge, nor have we jurisdiction to set aside the verdict, unless the finding was induced by or dependent upon error in the trial.

1.  The note being signed by Brown and indorsed by Bishop, Brown was presumptively the maker of the note and Bishop was only an indorser; the form of the note made a prima facie case in favor of Bishop, and the burden of proof was on Brown to show that while he appeared to be the maker of the note, he was only a surety. Brown's right to file the plea upon which he relied is not disputed, and can not be questioned.  Under the provisions of section 3556 of the Civil Code, "If the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after the judgment (the creditor not being delayed in his remedy by such collateral issue between the principal and the surety), if before judgment the surety shall give notice to the principal of his intention to make such proof."  In the present case the fact of suretyship does not appear on the face of the note; and Brown gave Bishop the proper notice and filed a plea properly raising the issue, as required by the ruling of the Supreme Court in *Carlton* v. *White,* 99 *Ga.* 385 (27 S. E. 704).  It was then permissible for Brown to sustain his plea by parol evidence.  See, in this connection, *Buck* v. *Bank,* 104 *Ga.* 660 (30 S. E. 872) ; *Whitley* v.

*Hudson,* 114 *Ga.* 669 (40 S. E. 838); *Trammell* v. *Swift,* 121 *Ga.* 780 (49 S. E. 739); *Shank* v. *Washington Exchange Bank,* 124 *Ga.* 509 (52 S. E. 621); *Camp* v. *Simmons,* 62 *Ga.* 73; *Cauthen* v. *Central Georgia Bank,* 69 *Ga.* 733; *Underwood* v. *Bass,* 1 *Ga. App.* 623 (57 S. E. 953).

2. In the 1st, 2d, 3d, 4th, 5th, and 6th grounds of the amendment to the motion for a new trial Bishop complains of the admission of certain testimony over the objection that it was immaterial and wholly irrelevant to the issue, to wit, what was the true relationship of Brown and Bishop to the note in the suit; and he insists that the error was prejudicial because it tended to inject an impertinent issue into the case and draw attention away from the real issue. While it is true, as was held in *Shank* v. *Washington Exchange Bank,* supra, that the mere failure of consideration can not change the relationship of the several parties to a note, nevertheless we think that where there is no dispute as to the consideration of the note, the determination of the question as to who received the consideration (if one of the parties received all of it) might aid the jury in deciding which was the more reasonable of two statements directly in conflict as to the understanding of the parties at the time of the execution of the note. Of course, the real issue between the parties in this case was whether the debt evidenced by the note was in fact Bishop's debt, and so understood to be by all of the parties at the time the note was given, or whether it was Brown's debt with Bishop as surety, as it appeared to be. In order to ascertain the truth in an issue of this kind, where the truth must be discovered by matters extrinsic of the contract, any pertinent circumstance which may tend to illustrate the reasonableness of the testimony of either of the parties, or corroborate it as to material facts sought to be disproved, is admissible. In such a case error is more apt to be committed by too strict an adherence to the technical rules of evidence than by allowing a reasonable latitude in the investigation. Generally, in cases of this kind, the real truth is known only by the parties, each of whom is seeking to evade primary liability and shift it to the other; it is rarely susceptible of direct proof. The issue must be determined by circumstantial evidence. It would be error to exclude any circumstance which could throw light upon the transaction, or in a case of direct conflict, such as this, would enable the jury to decide which party to believe.

Upon an issue such as that now before us comparative interest of the parties in the subject-matter, which party derived benefit from the transaction, or any fact which would illustrate what originally induced either or both of the parties to sign the contract, is a matter pertinent to the investigation. The fact that Bishop guaranteed the automobile truck involved in this case might be immaterial if the jury took a certain view of the evidence, and yet the fact that Bishop had agreed to guarantee it (if he did guarantee it), or else Brown was not to buy it, tends strongly to corroborate Brown's statement that he had, with Bishop's acquiescence, declined to buy it, and that he signed the note as maker at the suggestion of the bank and of Bishop, with the express agreement that Bishop, and not himself, was to pay the note. It is undisputed that Bishop received the money which was the consideration of the note; and for that reason the consideration, in the sense in which that term is ordinarily used, is not involved. The purpose of the testimony to which objection was made was to show why the note was given, to whom the benefit accrued, that Brown had no interest in the proceeds of the note, and that the loan was made entirely for the benefit of Bishop. In a certain sense the consideration was not involved; that is to say, as between the plaintiff and the defendants, there was no issue as to the consideration; but as between the two defendants in the case, consideration was involved. See *Underwood* v. *Bass,* supra. There was no error in overruling the objections to the evidence.

3. An examination of the record plainly shows that there is no merit in the exception that an opinion that the car should make a certain demonstration was expressed by the court in charging the jury that "there has been certain evidence allowed to go to you in regard to the guarantee of this car in question, as to certain demonstration this car should have made." The words "as to certain demonstration this car should have made" were qualified by the words "there has been certain evidence allowed to go to you." The court did not attempt to declare whether this evidence was true or untrue. The context shows the absence of anything that can be construed as leaning toward an intimation. A fragmentary excerpt from a charge, isolated from its context, may be amenable to criticism, but when this fragment is replaced in its proper setting, and the instruction upon the subject to which it is applicable is

viewed as a whole, every semblance of error therein may disappear.

4. In the motion for a new trial it is insisted that the court erred in failing to charge the jury that they might consider that, by constantly renewing the original note and signing the renewals as principal, Brown had waived his right to claim that he was only a surety on the note. In the absence of an appropriate request, it is not error for the trial judge to omit specific reference to particular points or phases of the evidence, confirmatory of the contentions of either of the parties. Before the judge is required to direct the attention of the jury to a matter of fact which, though only collaterally involved, a party may deem to be material a ruling by the court upon its materiality must be invoked.

*Judgment affirmed.*