8122.   FREEMAN, receiver, *v.* BANK OF LAFAYETTE *et al.*

Where a judgment of a court of general jurisdiction, rendered in a case in which the court had jurisdiction of the parties and of the subject-matter of the litigation, is in part an adjudication upon a matter which was not included in the pleadings, but which by consent was irregularly presented for determination in the case, that part of the judgment is not subject to collateral attack as being absolutely void, if by amendment of the pleading the irregularity could have been cured.

DECIDED JUNE 18, 1917.

Money rule; from Walker superior court—Judge Wright. January 18, 1916.

*Rosser & Shaw,* for plaintiff in error.

*Shattuck & Shattuck, Earl Jackson,* contra.

JENKINS, J.   This is a proceeding by the plaintiff as receiver, in which he claims a surplus fund in the hands of the sheriff, arising from the sale of certain real estate.   In order to dispose fully of the issue made in the court below, it is only necessary for us to decide the one question as to whether or not a certain judgment of the superior court, rendered in favor of M. M. Hedges against S. A. Hunt Jr. and R. N. Dickerson, under which the property was sold, is void, in so far as by its terms it is a judgment against the former as principal and the latter as surety on the note which was the basis of the judgment.   It appears that the note mentioned was signed by both Hunt and Dickerson, apparently as principals, and both of the makers executed a deed to the land as security for the debt.   The petition in the suit on the note was against both Hunt and Dickerson without in any way indicating that Dickerson was surety.   The following statement, however, is contained in the judgment rendered in the present proceeding: "It being made to appear before me that by consent of the plaintiff's attorney in the case of M. M. Hedges *v.* S. A. Hunt Jr. and R. N. Dickerson, that R. N. Dickerson was permitted to show that he was only security on the note of M. M. Hedges, the

court now holds that the court had jurisdiction in said case to render the judgment." It is not contended that in the suit in which the Hedges judgment was obtained a plea of suretyship was filed by Dickerson, or that any notice of his intention to make such proof was given by him to the principal. The judgment in that suit recites that the case was in default. After the execution of the note and the deed to Hedges, Hunt conveyed to the plaintiff his interest in the land as security for a debt due by him to the plaintiff, while Dickerson in like manner conveyed his interest in the land to the defendant. In the contest over the surplus arising from the sale of this land under the Hedges fi. fa., the plaintiff now contends that the entire interest of Hunt and Dickerson in the land was subject in equal manner to the payment of the Hedges judgment, while the defendant insists that the rule which would obtain under the provision of the judgment by which Dickerson was adjudged liable as security only should apply.

It is insisted by the plaintiff that so far as the judgment is by its terms a judgment against Hunt as principal and Dickerson as surety, it is, under the pleadings in that case, absolutely void and subject to collateral attack in the present proceeding, under the provisions of the code, in which it is declared: "The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code (1910), § 5964. "A judgment that is void may be attacked in any court, and by anybody. In all other cases judgments can not be impeached collaterally, but must be set aside by the court rendering them." Id. § 5968. It is urged by the plaintiff that in order for that portion of the Hedges judgment which relates to the suretyship of Dickerson to be valid, the latter must have given the notice required by the Civil Code (1910), § 3556, and must have pleaded and proved his suretyship in that proceeding. In support of this contention the decision in the case of *Carlton* v. *White*, 99 *Ga.* 384, 387 (27 S. E. 704), is cited, in which the court said: "If one sued as a principal claim to be a surety only, and the fact of suretyship does not appear on the face of the contract, this fact may be proved by parol as against the real principal, and the true status of the alleged suretyship defined in the judgment, provided, before judg-

ment, the surety shall give notice to the principal of his intention to make such proof. In order, however, for one to avail himself of the provisions of this statute, he must plead and prove his suretyship. The records of the court stand as a memorial of its judgments, and it is therefore essential that when one seeks affirmative relief from a court, his pleadings should be so moulded as to authorize the rendition of a judgment in his favor. Courts are not authorized to grant relief where none is prayed, and therefore an omission to ask relief is equivalent to an admission that none is desired. Under the plea filed in the present case, the real relation of the apparent principal of the paper to the indorser was that of surety only, and as between these two, upon proper pleadings, he would have been entitled to have had the verdict so moulded. The notice required by the statute is necessary to enable him to offer parol evidence of the fact upon which the relief allowed is granted, but without the pleadings to support it, the evidence would not be admissible, even though the notice had been given. It therefore follows that, in the absence of a prayer in the plea asking for independent affirmative relief, the court did not err in the rendition of its judgment, notwithstanding the fact that the alleged principal was a surety only; and it is clear, from what we have heretofore said, that no error was committed in overruling the defendant's motion for a new trial."

It is urged that since, in the suit on the note of Hunt and Dickerson the latter failed to give the statutory notice referred to, and failed to enter his plea of suretyship, the court in that case was without jurisdiction to adjudicate that Dickerson's liability was that of a surety only, and that in so far as the judgment rendered therein is an adjudication to that effect, it is absolutely void. In support of this contention, counsel, in their able and learned brief, cite: Mundy *v.* Vail, 34 N. J. 418; Johnson *v.* McKinnon, 54 Fla. 221 (45 So. 23, 13 L. R. A. (N. S.) 874, 127 Am. St. R. 135); 23 Cyc. 816, 818, 820; Reynolds *v.* Stockton, 140 U. S. 254 (11 Sup. Ct. 773, 35 L. ed. 464); Janney *v.* Spedden, 38 Mo. 395; Lincoln National Bank *v.* Virgin, 36 Neb. 735 (55 N. W. 218, 38 Am. St. R. 747); Clapp *v.* McCabe, 155 N. Y. 525 (50 N. E. 274); Straight *v.* Harris, 14 Wis. 509; Sache *v.* Wallace, 101 Minn. 169 (112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. R. 612, 11 Ann. Cas. 348); *Milner* v. *Mutual*

*Benefit Bldg. Assn.,* 104 *Ga.* 101 (30 S. E. 648). Had the plaintiff in the Hedges case not waived the form of the judgment now complained of by consenting thereto, it is apparent that under the ruling in the case of *Carlton* v. *White,* supra, he would not have been bound thereby, on exceptions taken on such ground. We do not think the ruling in *Wolfe* v. *Kennedy,* 93 *Ga.* 220 (3) (18 S. E. 433), is in conflict with this statement. In that case judgment was entered against the surety as such on a statutory bail-trover bond which did not so designate him, but it might still be reasonably said that the record itself would disclose such true relationship. In the Hedges suit the form of the judgment was not only not objected to or appealed from, but the plaintiff specifically assented thereto; and therefore it certainly bound the plaintiff. *Gainesville &c. R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (87 S. E. 1093). Is it, as to the part in question, void and subject to collateral attack by third persons who may have an interest in asserting its invalidity?

It is not contended that the court did not have jurisdiction, in the broad sense, of the parties and of the subject-matter of the litigation; the contention is only that it was without jurisdiction of that part of the matter embraced in its judgment as to which no pleadings were presented, and for that reason only. The waiver made by the plaintiff pertained to the matter of pleadings only, and to such matter only as the plaintiff himself might have set up by amendment. While parties can not by consent give jurisdiction to the court as to the subject-matter of the suit, when the court is wholly without jurisdiction (Civil Code (1910), § 5663; *Dix* v. *Dix,* 132 *Ga.* 630, 64 S. E. 790), still where the pleadings are such as authorize a legal judgment, the mere waiver by the plaintiff of a particular pleading on the part of the defendant is not one involving the jurisdiction of the court, but relates rather to how the court should exercise the jurisdiction it undoubtedly has, both of the person and the subject-matter before it. Where a court of general jurisdiction renders judgment in a proceeding within the sphere of its authority, every presumption in favor of its jurisdiction will be indulged, and it is not necessary that all facts essential thereto shall affirmatively appear. *Dunagan* v. *Stadler,* 101 *Ga.* 474, 479 (29 S. E. 440). See a collation of authorities upon this subject in 8 Enc. Dig. Ga. Rep.

22

218. While this is true, still where it affirmatively appears from recitals in the record that the court did not in fact have jurisdiction, a judgment in such a case will not be treated as valid. *Head v. Bridges,* 67 *Ga.* 233; *Barclay* v. *Kimsey,* 72 *Ga.* 725; *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134); *Franklin County* v. *Crow,* 128 *Ga.* 458 (57 S. E. 784). But where the court is one of general jurisdiction and the person and the subject-matter are within the sphere of its general authority, the first thing which in any case it is called upon to decide is the question of its own jurisdiction, and such a decision must be implied when it takes control and renders judgment, whether it so appears upon the record or not. *Mayer* v. *Hover,* 81 *Ga.* 308 (7 S. E. 562); *Milner* v. *Neal,* 114 *Ga.* 118, 121 (39 S. E. 890). When such a question is brought to the attention of the court and a decision is made in favor of its jurisdiction, it does not matter that the decision may be erroneous so far as the validity of the judgment is concerned. *Ga. R. R. & Banking Co.* v. *Pendleton,* 87 *Ga.* 751 (13 S. E. 822); *Everett* v. *Westmoreland,* 92 *Ga.* 670, 673 (19 S. E. 37); *Crow* v. *American Mortgage Co.,* 92 *Ga.* 815 (19 S. E. 31); *Manning* v. *Weyman,* 99 *Ga.* 59 (26 S. E. 58); *Griffin* v. *Smyly,* 105 *Ga.* 475 (30 S. E. 416); *Bush* v. *Bank of Thomasville,* 111 *Ga.* 664, 666 (36 S. E. 990). If the judgment was merely irregular and not void, it is well settled under the law of the code, and by numerous decisions of our courts, that it can not be collaterally attacked for such cause. Counsel for the plaintiff recognize this distinction, but insist that as to the adjudication complained of, the judgment was not simply irregularly granted, but, for the reason stated, was absolutely void.

It has been said that one of the tests to be applied in determining whether a judgment is void, and therefore a nullity, is whether, if the party attacking it had been a party thereto, a motion in arrest could have been sustained for defects appearing in the face of the pleadings, which could not have been aided by amendment or cured by verdict. *Chapman* v. *Taliaferro,* 1 *Ga. App.* 235, 238 (58 S. E. 128). When, by consent of the plaintiff, Dickerson "was permitted to show that he was only surety," it was entirely within the rights of the plaintiff to amend his petition in order to make it conform to the true status of the facts in the case. It was held in the case of *Stanford* v. *Bradford,* 45 *Ga.* 97, that "In

an issue formed on a motion to distribute money between judgments one plaintiff in fi. fa. can not attack the judgment of another plaintiff in fi. fa., on the ground of irregularities previous to the judgment; the defects, to be subject to his objection, must be such as are not amendable." We therefore think that, the court having assumed jurisdiction of the subject-matter, upon a presentation thereof which, though irregularly made, could have been made in the pleadings, by amendment, the judgment is not void, and consequently is not subject to collateral attack.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*