### New York Store Mercantile Company v. Gorham.

(Decided December 21, 1917.)

### Appeal from Carlisle Circuit Court.

1. Bills and Notes—Parol Evidence.—A written instrument, such as the note in controversy in this case, can not be attacked or varied by parol evidence, unless fraud or mistake is alleged.

2. Principal and Surety—Defenses.—In order to be available, the defendant who relies upon his suretyship, must plead affirmatively in his answer, the terms of the contract by which defendant was induced to become surety, and aver the omission of the same or some part thereof from the writing, otherwise proof of the existence of such contract is incompetent.

3. Bills and Notes—Negotiable Instruments Law.—As between the original parties to a note the maker may plead an equitable defense as the negotiable instrument law has no application.

JOHN K. KANE for appellant.

SHELBOURNE & SHELBOURNE for appellee.

Opinion of the Court by Judge Sampson—Reversing.

In April, 1914, W. F. Pamplin had a retail grocery store in Mound City, Illinois, and was buying goods from appellant, New York Store Mercantile Company, who conducted a wholesale business at Cairo, state of Illinois. Pamplin who was then indebted to appellant on account of goods purchased, in a sum less than six hundred ($600.00) dollars, procured appellee, B. G. Gorham, to become his surety on a note for eight hundred ($800.00) dollars, due one year after date, and payable to the New York Store Mercantile Company, with seven (7%) per cent. interest. The difference between the indebtedness and the face of the note was to be furnished in goods under certain conditions. The note was not paid at maturity, but after some delay appellant instituted this action in the Carlisle circuit court to recover upon the note against both Pamplin and Gorham. Pamplin made no defense and judgment went by default. But Gorham, surety, filed a separate answer, admitting the execution of the note and alleging he was surety and that this fact was known to the appellant at the time of the execution of the note; and further, that he signed the note on condition only and under express agreement and contract that appellant would furnish to said Pamplin goods, at short intervals, to keep up his stock and enable him to do business successfully and that appellant would visit his store at short intervals of two weeks and inspect said business and the stock of goods, thereby enabling Pamplin to stay in business and to pay off said note, and that in consideration of this agreement alone Gorham signed said note, it being further understood and agreed that if at any time the business was not prospering and Pamplin was not paying off said note, or, if the business was in a failing condition, that appellant would notify Gorham, and further that appellant would take back all the stock then on hand and held by Pamplin at the price at which they were sold to said Pamplin and the same should be credited upon this note; that the said goods of Pamplin were then worth the full face of the note, and that appellants failed to keep any of the conditions of the said agreement and to furnish Pamplin the goods so as to continue his business, or to notify Gorham of his failure in business and to apply the remainder of his

stock upon the note. A demurrer was sustained to the answer with leave to amend, whereupon Gorham amended his answer to the extent of alleging that at the time of the execution of the note sued on, his signature was obtained thereto by fraud and misrepresentation. These allegations were traversed by appellant.

Upon a trial before a jury a verdict was returned for appellee, Gorham, and the New York Store Mercantile Company prosecutes this appeal. It relies:

1st. Upon the proposition that a written instrument, such as this note, can not be attacked or varied by parol testimony unless fraud or mistake is alleged.

2nd. Fraud is never presumed, and when relied upon must both be alleged and proven.

3rd. Agreement or promise to do, or perform acts in the future do not constitute fraud.

The court instructed the jury to find and return a verdict in favor of the New York Store Mercantile Company for the sum of eight hundred ($800.00) dollars, with interest from April 23rd, 1914, until paid, unless the jury should believe from the evidence that at the time the note was executed by the defendant, Gorham, the plaintiff company, through its agent, induced defendant, Gorham, to sign said note by agreeing and promising defendant that the company would furnish Pamplin goods at short intervals to keep up his stock and enable him to do business successfully, and that the plaintiff would visit his store at short intervals and inspect said business and stock of goods, thereby enabling Pamplin to stay in business and pay off said note; and, further that the plaintiff company agreed and promised that if the business of Pamplin was not prosperous and Pamplin was not paying off said note, or if the business was in a failing condition that the store company would notify defendant, Gorham, and that the plaintiff company would take back all the stock of goods on hand and credit the amount on the note, and that Gorham would not have signed the note except for such agreement and promise so made by the plaintiff company, and further that the plaintiff company, after so inducing Gorham to sign as surety, failed and refused to carry out said provisions, or any part thereof, then the verdict should be for the defendant, Gorham.

The principal question involved in this case is the sufficiency of the answer of the defendant, Gorham. Appellant insists that as the answer presents and relies upon promises of the creditor to be performed in the future, it is insufficient to avoid the writing sued on. The substance of the answer is that Gorham, the surety, was induced to sign the note by the creditor, and Pamplin, the debtor, on the promise and agreement that the creditor would furnish goods to Pamplin sufficient to keep his stock running and his business going, and would keep a supervisory watch on the business of Pamplin, and if the store was not earning a profit and the profits were not applied to the payment of the note sued on, that the creditor would notify Gorham, the surety, of such failure and that the creditor would take back the entire stock of Pamplin, and Pamplin would surrender said stock to the creditor to be applied at the invoice price to the extinguishment of the note, it being alleged that the stock of goods of Pamplin amounted in the aggregate, to more than the face of the note. If this was the consideration, and Gorham would not have signed as surety but for such promises and undertakings, and these promises and agreements were violated by the creditor failing to furnish the goods, or by allowing the stock of goods owned by Pamplin to be absorbed entirely by Pamplin without notifying Gorham and affording him an opportunity to save himself by enforcing the agreement to apply the goods upon the note, undoubtedly Gorham is entitled to relief if his answer sufficiently presented his defense. As a general rule false or fraudulent statements made to a surety by the creditor at the time of the execution of the contract, or during the negotiations leading up to it, is sufficient ground for annulling it, although it may be binding on the principal. Very little said which ought not to have been said, and very little omitted which ought to have been said, and except for which the relation might not have been entered into, will suffice to avoid such a contract for a surety. 32 Cyc. 59.

If a surety is induced to sign a note in consideration of certain agreements and promises given by a creditor of a principal in the note, such agreements become a part of the contract and between the original parties is enforceable, but where the statement of the creditor is

merely of his future intention and does not amount to an undertaking on his part, the surety will be bound.

In order to recover upon a note where such contemporaneous agreement and contract is alleged, the plaintiff, the original payee, must either show that no such agreement or contract in fact existed, or if it did exist that the creditor who seeks to enforce a collection of the note has performed the conditions of the contract and agreement. The surety in such case stands in quite a different attitude from the principal in the note. He is entitled to fair treatment and the utmost good faith on the part of the creditor, and will not be bound if he be misled or deceived to his prejudice. This does not apply, however, to mere representations or assertions with reference to future profits or prospects unaccompanied with an express agreement or undertaking.

In 32 Cyc., page 61, the rule is stated as follows: "A statement by the creditor as to his intention, to induce a surety to sign, will not affect the liability of the latter. A promise by the creditor to sell the principal more goods; or to loan the principal more money; or to take collateral security from the principal, if broken, gives the surety, at most, but a right of action for the breach."

Gorham should have made his answer a counterclaim against the New York Store Mercantile Company, setting forth the contract. It is not alleged in the answer that the writing does not contain all of the terms of the agreement, or that part of the terms of the agreement were omitted from the writing by oversight or mistake of the draughtsman, or otherwise; the answer is not skillfully prepared and the amended answer does not come up to the requirements of good pleading. Under a sufficient plea and proof appellee would be entitled to relief upon the note in whole, provided, the amount of the stock of goods of Pamplin was sufficient at the invoice price to extinguish it, or to have *pro tanto* extinguishment of the note according to the facts of the case.

Under the facts of this case the negotiable instrument law does not prevent the interposition of an equitable defense to the note, because the action is between the original parties to the note, no assignment, transfer or indorsement of the paper having intervened.

Upon a return of the case to the lower court, defendant, Gorham, should be permitted to amend his answer if he desires to do so, and a new trial had in conformity to this opinion.

Judgment reversed.