MINNEAPOLIS BREWING COMPANY v. ALBERT J. YAHNKE AND ANOTHER.[1]

January 28, 1921.

No. 22,132.

**Principal and surety — release of surety — parol proof of agreement.**

1. There was evidence sufficient to sustain a finding that, as an inducement and consideration for the defendant appealing to sign as surety a note made to the plaintiff payee, the plaintiff agreed to apply moneys which were to come into its possession from the maker of the note, the maker assenting, to the payment of the note; that upon such condition the defendant signed; that moneys sufficient to pay the note came into the possession of the plaintiff, and that the plaintiff did not apply them as agreed. It is held that such an agreement was a ma-

[1] Reported in 181 N. W. 331.

terial element of the contract, was made upon consideration, and that parol proof of it was not objectionable as varying the terms of the surety obligation, and that if the facts recited were proved the surety was released.

### Authority of agent — finding sustained by evidence.

2. The evidence, recited in the opinion, is sufficient to sustain a finding that the agent of the plaintiff, who made the agreement, had implied or apparent authority to make it.

Action transferred to the district court for Winona county to recover $664.75, the balance due upon a promissory note. The case was tried before Callaghan, J., who at the close of the testimony granted plaintiff's motion for a directed verdict. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Henry M. Lamberton* and *Leo F. Murphy,* for appellant.

*Cobb, Wheelwright & Benson* and *Webber, George & Owen,* for respondent.

DIBELL, J.

Action to recover the balance due upon a promissory note. A verdict was directed for the plaintiff against both of the defendants. The defendant Miller appeals from the order denying his motion for a new trial.

1. On November 15, 1917, the defendant Yahnke, with defendant Miller as surety, made a note for $1,000 to the plaintiff brewing company, payable in instalments of $100 per month. Yahnke was a saloon-keeper at Winona. The consideration of the note was money advanced him by the plaintiff with which to pay for his license. Yahnke was a customer of the plaintiff. It was contemplated that he would continue to be. The plaintiff collected from him every two weeks. He was also a customer of a local brewery in which Miller was interested.

There is testimony tending to show that, as an inducement to Miller to sign as surety and as a consideration for his signing, the plaintiff agreed, through its agent, that it would apply from moneys coming to it from Yahnke $100 per month upon the note; that Yahnke assented, that Miller signed upon the condition stated; that Yahnke paid the plaintiff from time to time sums of money which, if applied as

agreed, would have paid the note, and that they were not so applied. Such agreement was a material element of the contract of suretyship and there was a consideration for the plaintiff's undertaking. Parol proof was not objectionable as varying the terms of the surety obligation. We are not cited cases illustrating situations precisely like the one before us, but the controlling principles are clear enough. See Underwood v. Bass, 1 Ga. App. 623, 57 S. E. 953; Matheson v. Jones, 30 Ga. 306, 76 Am. Dec. 647; New York Mercantile Co. v. Gorham, 178 Ky. 535, 199 S. W. 64; J. A. Fay & Co. v. Jenks, 93 Mich. 130, 5 N. W. 163; Mellendy v. Austin, 69 Ill. 15.

The evidence was in dispute, but the jury could find that the agreement claimed was made. If made the plaintiff's failure to apply moneys upon the note as agreed was a release of Miller.

2. The plaintiff claims that Meyer was without authority to make such an agreement.

Meyer was the plaintiff's agent at Winona and its only representative there. He attended to the sale of the plaintiff's product and made collections. He attended to the making of loans to saloonkeepers to pay for their licenses. Yahnke rented a building from the plaintiff through Meyer and paid the rent to Meyer. He was the only person whom Yahnke met in his transactions with the plaintiff. When he dealt with Meyer he was as near the plaintiff as he ever got. Meyer went to Miller with Yahnke to get the note signed, and it was then that the agreement mentioned in the preceding paragraph was made.

With the facts as recited it was at the least a question for the jury whether Meyer was acting with implied or with apparent authority. Dunnell, Minn. Dig. & 1916 Supp. §§ 149-169, and cases cited. The distinction between implied authority and apparent authority is noted in Johnson v. Evans, 134 Minn. 43, 158 N. W. 823.

Several matters are discussed in the briefs which are not raised by the assignments of error and we do not consider them.

Order reversed.