### 21208. BAKER v. BAKER.

SUBMITTED APRIL 10, 1961—DECIDED MAY 9, 1961.

*Harris, Chance, McCracken & Harrison,* for plaintiff in error.
*Killebrew, McGahee & Plunkett,* contra.

GRICE, Justice. Beatrice Johnston Baker, hereinafter referred to as the wife, instituted a proceeding in the Superior Court of Richmond County, Georgia, against Oscar H. Baker, hereinafter referred to as the husband, to set aside a decree of divorce. She contended that the decree was void for lack of

jurisdiction since she was a nonresident and service had not been perfected upon her.

After the trial court had sustained a general demurrer to her petition to set aside such decree, this court reversed, holding that failure "to file a copy of the newspaper carrying the citation as to the divorce case until twenty-one days after the order of the trial judge ordering service by publication, resulted in failure to perfect service by publication upon the defendant in the divorce case." *Baker v. Baker*, 215 Ga. 688 (113 S. E. 2d 113).

Also, in that former appearance, this court determined that "There is no merit in the contention that the defendant in the divorce proceeding submitted to the jurisdiction of the court by reason of a letter written by a Maine attorney to the clerk of the Richmond Superior Court, enclosing a card entitled 'Request for Entry of Appearance,' on which, over the attorney's name, appeared these words, 'In the action of Oscar H. Baker vs. Beatrice Johnston Baker, please enter my appearance for Beatrice Johnston Baker, libellee,' as this does not constitute such appearance as will waive jurisdiction, service, or absence of process under the provisions of the Code."

Thereafter, upon trial of the motion to set aside, the superior court judge directed a verdict in favor of the wife and entered a judgment setting aside the decree of divorce. The husband's amended motion for new trial, complaining of direction of the verdict, was denied. He assigned this ruling as error.

The wife's evidence included the original divorce proceedings, her verified petition to set aside the divorce decree and her testimony that she was a nonresident and had not acknowledged service.

The husband's evidence consisted of letters between the husband's attorney and the wife's Maine attorney; testimony that procurement of the divorce decree was delayed by the husband's attorney from March 26, 1959, until April 30, 1959, due to the above correspondence and the written entry of appearance by the wife's Maine attorney; testimony as to a conversation between the husband's attorney and an Augusta attorney who now represents the wife; testimony that before the trial judge con-

sidered the merits of the petition for divorce, his attention was called to the question of jurisdiction; an order by that judge entered April 30, 1959, reciting that service by publication had been perfected; and his August 16, 1960, order that the motion to set aside the divorce decree be tried before a jury.

The husband introduced in evidence a letter dated January 6, 1959, to his attorney from the wife's Maine attorney, which recited that the latter was representing the wife in the divorce action commenced by the husband and that she had authorized him to enter his appearance which he was doing at that time; that the wife's only notice of such pending action was receipt on January 5, 1959, of a copy of the citation, which did not incorporate the grounds or other pertinent information; that, although there was the possibility of adjustment, some time would be needed to go into the merits more thoroughly; that the wife had great reluctance to consent to a divorce because of the support problem; and concluded with a request for prompt reply as to what the husband proposed to pay in the event of divorce being decreed, stating that "upon receipt of this information I will be able to correspond further with your office, and trust that this matter can be held in abeyance."

The husband's evidence also included his attorney's January 14, 1959, reply to the foregoing letter of January 6, 1959. This reply listed the grounds alleged in the divorce petition, recited the husband's previous provisions for the support of the wife, his present financial condition, and stated that, in view of those, they "should not negotiate at this time." It closed with the request that these matters be discussed with the wife and that the husband's attorney be advised of her thoughts.

The testimony of the husband's attorney as to his delay from March 26, 1959, until April 30, 1959, in obtaining the divorce decree included the following: "Thereafter, on March 26th, rather than taking the divorce at this time I felt that due to the delay, that is, the written entry of appearance here, and the other correspondence that had occurred, that I would hold off. I did not, therefore, take the divorce. On April 30th I assigned the divorce to be taken as an uncontested divorce."

In addition, the husband offered testimony to the effect that a

few minutes before the divorce proceeding commenced on April 30, 1959, his attorney talked with an Augusta attorney who now represents the wife and showed him the written entry of appearance by the Maine attorney and the two letters dated January 6, 1959, and January 14, 1959, above referred to; that such Augusta attorney stated that he had "been contacted in this case but was never permitted to file defensive pleadings" and suggested that all of this information be brought to the attention of the court. The husband's testimony showed that before consideration of the divorce proceeding on the merits, the judge was advised of these matters, along with the date the action was filed and the four months' knowledge the wife had thereof. The husband's evidence also was that after being thus informed, the judge entered an order reciting that service by publication had been perfected, proceeded with the divorce action and later entered the decree.

With the foregoing evidence before it as to what had transpired upon the divorce proceeding, the trial judge directed a verdict in favor of the wife, setting aside the divorce decree.

Upon direction of a verdict, the overriding question raised by assignment of error is, of course, whether the evidence was without conflict and with all reasonable deductions or inferences therefrom demanded the verdict. *Code* § 110-104. This question, under the contentions made here, has three components. The first is whether the trial judge's order of April 30, 1959, perfecting service, made after consideration of all the jurisdictional facts involved and before hearing the divorce proceeding on the merits, adjudicated the issue of jurisdiction so as to render conclusive any defect in service and thus make erroneous the direction of the verdict in the wife's favor. The second is whether the trial judge's order of August 16, 1960, directing that the motion to set aside the divorce decree be tried before a jury, made erroneous the later direction of the verdict. The third is whether, under the evidence, there was a general appearance by the wife so as to waive any defect in service. These issues will be dealt with in the sequence listed above.

1. The judge's order reciting that service by publication had been perfected was not an adjudication of jurisdiction rendering

ineffective any subsequent attack upon the decree of divorce for lack of service. The authorities relied upon by the husband, including *Freeman v. Bank of LaFayette*, 20 Ga. App. 334 (93 S. E. 34), are not applicable here. The principle enunciated therein applies where, as there, an effort is made in a subsequent proceeding to avoid the consequences of a prior judgment because in granting it the court erroneously ascertained some fact essential to its jurisdiction. That principle relates to a collateral attack and has no application here where the attack is a direct one.

2. The trial judge's August 16, 1960, order assigning the motion to set aside the divorce decree for trial before a jury did not, as contended, require submission of the facts to the jury. That order recited that the wife had requested a hearing to determine whether the issues should be tried before the judge or jury, and that after argument by both parties it was determined "that there are issues of fact involved in said motion to set aside the judgment, and hence said matter should come on for trial before a jury instead of the judge in this matter." The order was based upon the contentions which the parties had made in their pleadings and thus expected to prove upon the evidence to come later. It was not invested with conclusiveness so as to tie judicial hands.

3. The wife did not make a general appearance so as to waive the defect in service previously adjudicated to exist.

In view of that former ruling, the husband acknowledges that, without more, the letter and request for entry of appearance from the wife's Maine attorney to the trial court clerk did not constitute appearance. But he urges that they, taken in conjunction with the additional matters appearing in evidence upon trial of the motion to set aside, as detailed above, showed a general appearance which resulted in waiver of the defect in service.

Because of such evidence, especially that relating to the delay in obtaining the divorce decree, it is urged that the wife acquired a benefit and therefore waived the defect as to service.

We do not adhere to that view.

The cases applying *Code* §§ 81-209 and 81-503 to situations of waiver are those whose facts show that the nonresident manifested

a clear intention to submit to jurisdiction by appearance and pleading in the litigation itself. The appearance and pleading referred to in those Code sections contemplate something more than what occurred here. In deciding, on the former appearance of this case, that the Maine attorney's letter enclosing the card entitled "Request for Entry of Appearance" did not constitute such an appearance as waives jurisdiction, this court cited cases to the effect that appearance of counsel, even with entry of "Answer" on the docket, but without filing any pleadings, does not amount to appearance and pleading so as to constitute waiver of jurisdiction. It also distinguished the situation where a defendant appears and makes an oral motion in the nature of a general demurrer, thus obtaining a benefit of the type contemplated by the cases applying the Code sections above referred to. In this connection, see *Tate v. Leres,* 59 Ga. App. 6 (200 S. E. 325), where there was an appearance followed by a successful motion for continuance, hence such a benefit.

Here the defendant wife did not submit any motions of any kind, did not file any pleadings, and did not by any overt act participate in the litigation. Therefore, it cannot be held that she waived the defect as to service. *Lott v. Lott,* 207 Ga. 34 (59 S. E. 2d 912). A review of the cases on this subject bears out this construction. 1 Encyclopedic Digest of Georgia Reports, Appearances, pp. 443-450; 2 Cumulative Supplement to same, Appearances, pp. 2-6; 3 West's Georgia Digest, Appearances, pp. 680-696.

4. We therefore conclude that the facts now relied upon by the husband do not constitute a general appearance by the wife so as to waive the defect in service previously ruled by this court to exist. The trial court thus being without jurisdiction to grant the divorce, the judge correctly directed a verdict in favor of the wife, setting aside the divorce decree.

*Judgment affirmed. All the Justices concur.*